UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762

CRISTIAN CAMILO BLANCO ACOSTA,

    Plaintiff,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Cristian Camilo Blanco Acosta, sues Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, as follows:

*Overview*

1. Plaintiff brings a claim pursuant to 26 U.S.C. § 7434 of the Internal Revenue Code and state law against Defendant, JCRB Inc. d/b/a Bistro Café, for himself and others similarly situated, to represent a class of similarly situated employees who are or were employed at Bistro Café within the last five years under Fed. R. Civ. P. 23 ("IRC Class"), to recover the greater of statutory or actual damages for each false or fraudulent information return it filed or submitted.

2. Plaintiff also pursues claims against the Defendants for violations of the FLSA, including breaches of the prohibition against tipped employees sharing their tips with traditionally non-tipped employees, the requirement to pay at least a minimum wage of $7.35 per hour, and

1

the requirement to pay overtime wages to non-exempt employees.

*Parties, Jurisdiction, and Venue*

3. Plaintiff, Cristian Camilo Blanco Acosta, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material

4. Plaintiff was employed as a server by the Defendants at their restaurant, known as Bistro Café, at all times material to this case.

5. Plaintiff worked as a server for Defendants from 2022 through November 7, 2024.

6. Defendant, JCRB Inc., is a sui juris Florida for-profit company that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

7. Defendant, JCRB Inc., operated its restaurant business under the fictitious name "Bistro Café."

8. Defendant, Jan Karlo Ruiz Ortiz, was an owner/officer/director/manager of Bistro Café during the time relevant to this lawsuit. Defendant, Jan Karlo Ruiz Ortiz, ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

9. Defendant, Tamara Perez Feliciano, was also an owner/officer/director/manager of the Bistro Café for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

2

10. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq., and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

11. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

12. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

13. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

<u>COUNT I – VIOLATION(S) OF 26 U.S.C. §7434</u>
(Class Action Against Defendant, JCRB Inc. d/b/a Bistro Café, Only)

Plaintiff, Cristian Camilo Blanco Acosta, for himself and all others similarly situated, reincorporates and re-alleges paragraphs 1, 3 through 7, and 10 through 13 as though set forth fully herein and further alleges as follows:

14. Plaintiff brings this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for himself and the IRC Class, comprised of other similarly situated persons who were employed at Bistro Café within the past five years and who (a) worked as servers and paid a portion of their tips to others working at the restaurant from the wages they received and (b) worked in a position other than server and as a result, received tips directly from Bistro Café's servers.

15. Plaintiff brings this claim on behalf of others similarly situated to address Bistro Café's practice of knowingly (a) exaggerating the income reportedly earned by and paid to its servers and (b) failing to include all income earned by and paid to its employees who received tips from the servers.

16. The Plaintiff and IRC Class members were all subjected to Bistro Café's unlawful filing of fraudulent information returns with the IRS:

17. Bistro Café issued information returns that exaggerated the wages paid to Plaintiff and the IRC Class by including the tips they received but were required to remit to Defendant's other employees.

18. As employers of the Plaintiff and the IRC Class members, Bistro Café knows of and is responsible for:

   a. The payment of wages to the Plaintiff and IRC Class members;
   b. The payment of taxes to the IRS based on the wages earned by and paid to Plaintiff and the IRC Class members; and
   c. The accurate reporting of all income paid as wages to Plaintiff and all IRC Class members on each "Information return" during each calendar year.

19. Bistro Café falsely stated the taxable income received by and attributable to the Plaintiff and the IRC Class by (a) including the tips that the Plaintiff and the servers in the IRC Class were required to pay to other employees as if they had kept that money and (b) not including the tips that the remaining members of the IRC Class received from Plaintiff and the servers.

20. The amounts reported to the IRS were false, overstated, and inaccurate, and Bistro Café knew those figures to be false, overstated, and untrue:

4

    a. Because Bistro Café would report as income to each the tips it attributed to Plaintiff and the servers in the IRC Class members, even though the tips each actually retained were reduced because they shared their tips with others working at Bistro Café in a position other than server, such as bussers, food runners, and non-tipped employees such as kitchen staff, as required by Bistro Café;

    b. Because Bistro Café would not report as income to the other members of the IRC Class who did not work as servers, such as its bussers, food runners, and traditionally non-tipped employees, such as kitchen staff, the tips each received from the servers working at Bistro Café; and

    c. Because Plaintiff's and the IRC Class members' income were inaccurately reported by Bistro Café, their pay stubs/records were also incorrect for tax purposes.

21. Bistro Café had an obligation to provide correct information returns to the IRS, to the Plaintiff, and to the IRC Class members.

22. Bistro Café was responsible for submitting accurate wage statements of their employees' earnings to the IRS, including quarterly Form 941, W-2, W-3, and Form 8027, annually with respect to Plaintiff and each IRC Class member.

23. However, Bistro Café still knowingly and willfully filed and submitted each of these fraudulent information forms (for Plaintiff and the IRC Class) with the IRS in violation of 26 U.S.C. § 7434.

24. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

> (a) In general
> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> (b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
>     (1) any actual damages sustained by the plaintiff as a proximate result of the

filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

25. Each 941, Form 8027, W-2, and W-3 form filed and submitted by Bistro Café constitutes a separate "information return" within the meaning of 26 U.S.C. §§ 7434 and 6724(d)(1)(A).

26. The filing of each separate informational return containing false and fraudulent information made by Defendants to the IRS concerning Plaintiff's and the IRC Class members' earnings constitutes a separate occurrence per employee for purposes of liability under 26 U.S.C. § 7434.

27. Plaintiff and the IRC Class members suffered damages resulting from the willful provision of false/fraudulent information returns by Defendants and their failure to accurately report the wages earned by Plaintiff and the IRC Class members.

28. Typicality. Plaintiffs are members of the IRC Class that they seek to represent and their claims are typical of the claims of the IRC Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the IRC Class.

29. Defendants must file information returns that accurately identify the payments made to and received by their employees, including Plaintiff and the IRC Class members.

30. Plaintiff's claims are typical of those of the IRC Class members, each of whom worked for Bistro Café and received tips as part of the income earned through their employment. Defendants filed and submitted quarterly IRS Form 941s identifying the wages reportedly earned by and paid to Plaintiff and the IRC Class members and, upon information and belief, falsely represented the income each received. Bistro Café, on behalf of each and every IRC Class member, filed annual 8027, W-2, and W-3 forms concerning Plaintiff and the IRC Class members, which, upon further information and belief, misrepresented the income each received. Each false information return that Bistro Café filed or submitted constitutes a separate occurrence for which Bistro Café is liable.

31. Adequacy. Plaintiff will fairly and adequately represent and protect the interests of the IRC Class and has retained counsel competent and experienced in class actions, claims involving 26 U.S.C. §7434, and multi-party wage and hour litigation. The combined interests, experience, and resources of Plaintiff and his counsel to litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

32. Common questions of law and fact exist as to the IRC Class members, and predominate over any questions affecting only individual members of the IRC Class. Those common questions include, but are not limited to, the following:

    a. Whether Bistro Café filed or submitted false or fraudulent information returns to the IRS concerning Plaintiffs and the IRC Class members;

<u>Server Sub-Class</u>

    b. Whether Bistro Café knowingly or intentionally inflated the taxable income attributable to Plaintiff and the servers in the IRC Class by including tips each paid to other employees of Bistro Café in the information returns;

    c. Whether Bistro Café issued information returns that included tips that Plaintiffs and the servers in IRC Class paid to others;

    d. Whether Plaintiffs and the servers in the IRC Class members suffered increased tax liability on account of Bistro Café's filing of false information returns;

<u>Non-Server Sub-Class</u>

Whether Bistro Café knowingly or intentionally under-reported the taxable income attributable to the other members of the IRC Class who did not work as servers, including its bussers, food runners, and traditionally non-tipped employees, such as kitchen staff, by not including the tips each received from the servers working at Bistro Café in the information returns;

Whether Bistro Café issued information returns that did not include the tips received by other members of the IRC Class who did not work as servers, including its bussers, food runners, and traditionally non-tipped employees, such as kitchen staff;

Whether other members of the IRC Class who did not work as servers, including its bussers, food runners, and traditionally non-tipped employees, such as kitchen staff members, suffered increased tax liability on account of Bistro Café's filing of false information returns; and

Whether Bistro Café's violations of the Internal Revenue Code, as identified above, were systematic, knowingly, willful, and/or repeated.

33. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

34. Plaintiff's interests are coextensive with those of the IRC Class that he seeks to represent in this case. Plaintiff is willing and able to represent the IRC Class fairly and to vigorously pursue their similar individual claims in this action.

35. Bistro Café acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief under FRCP Rule 23(b)(2) appropriate with respect to the IRC Class as a whole.

8

36. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the IRC Class members.

37. The clarity of the common issues and class size both indicate that manageability should not be an issue negating class certification.

38. The cost of proving Bistro Café's violations of 26 U.S.C. § 7434 and the supporting Federal Regulations, and the relatively small individual claims, make it impracticable for the IRC Class members to pursue their claims individually.

39. Maintaining a class action under these facts promotes judicial economy by consolidating a large group of potential plaintiffs with identical claims. The claims of the IRC Class members interrelate such that the interests of the members will be fairly and adequately protected by the named Plaintiff.

40. Additionally, the questions of law and fact common to the IRC Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Bistro Café's liability.

41. Numerosity. The IRC Class is so numerous that joinder of all members is impracticable. While the exact number of the IRC Class is unknown to Plaintiff at the present time, upon information and belief, there are at least approximately 20 other similarly situated persons who were/are employed by Bistro Café as employees, who received tips as income, and on whose behalf Bistro Café, upon information and belief, filed false information returns with the IRS during the last five years.

9

42. Plaintiff is currently unaware of the identities of all the members of the IRC Class. Accordingly, Bistro Café should be required to provide him with a list of all persons employed by Bistro Café who received tips as income and on whose behalf it filed (false) information returns during the last five years, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiff can give the IRC Class notice of this action and an opportunity to make an informed decision about whether to participate.

43. Predominance: The common issues of law and fact predominate over any individual issues. Each class member's claim is controlled by the same issues (or subset of issues) and set of facts, based on Bistro Café's fraudulent filing of false information returns with the IRS. The damages of each member of the IRC Class are eminently certifiable. Even in the absence of any actual damages sustained or demonstrated by a class member, each class member is entitled to a minimum of Five Thousand Dollars ($5,000.00) in statutory damages per occurrence or the actual damages sustained per occurrence, whichever is greater. 26 U.S.C. § 7434 (b)(1)-(3).

44. This action is maintainable as a class action. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications for individual members. This would establish incompatible standards of conduct for Bistro Café.

45. For each year Bistro Café employed Plaintiff and the IRC Class members, it filed false 8027, W-2, W-3, and 941 forms with the IRS regarding their employment income that (a) over-reported the amount actually paid to Plaintiff and the servers in the IRC Class and the amount actually owed to the IRS and (b) under-reported the amount actually paid to the non-server

members of the IRC Class who received tips from servers and the amount actually owed to the IRS.

46. Accordingly, the Court should certify the proposed class (including the two sub-classes) pursuant to FRCP 23(b)(2) and 23(b)(3).

47. Plaintiff and the IRC Class members seek the assemblage of a Class to permit them to recover the greater of $5,000 for each false/fraudulent information return or the actual damages each sustained as a proximate result of the filing of each fraudulent information (including all costs related thereto), plus all attorney's fees and costs incurred.

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, demands the entry of a judgment in his favor and against Defendant, JCRB Inc. d/b/a Bistro Café, after trial by jury and as follows:

    a. Certifying this action (Count II) as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for those who are or were employed by Bistro Café during the five years immediately preceding the filing of this suit, including one sub-class for (i) the servers who received and then paid tips to others and (ii) non-servers who received tips from servers, designating the named Plaintiff as the representative of the IRC Class and Plaintiff's counsel as class counsel.

    b. Awarding Plaintiff and each IRC Class member the greater of $5,000 or the actual damages suffered for each fraudulent information return filed/served by Bistro Café for each calendar year at issue, as set forth above;

    c. Awarding Plaintiff and the IRC Class and their counsel reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    d. Awarding Plaintiff and the IRC Class all interest allowed by law; and

    e. Awarding such other and further relief as the Court deems just and proper

## COUNT II – FLSA TIP VIOLATION(S)
(Against All Defendants)

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and paragraphs 2 through 13 as though set forth fully herein and further alleges as follows:

### *FLSA Jurisdictional Allegations*

48. Plaintiff consents to participate in this lawsuit.

49. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

50. Plaintiff was a non-exempt employee of the Defendants.

51. Plaintiff's job duties for Defendants included taking food and drink orders from patrons, entering those orders into the point-of-sale system, providing customer service, delivering food and drink orders to patrons, taking and/or processing payment for the food and drinks served to patrons, and performing side work.

52. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

53. Plaintiff regularly and routinely served food and drinks, including alcoholic beverages, and provided/served condiments that moved through interstate commerce, while also taking and/or processing electronic (credit/debit card, Google/Apple Pay) payment transactions using devices that traveled in interstate commerce and that regularly and recurrently exchanged communications outside of the State of Florida through online transactions.

54. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12

55. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' restaurant business an enterprise covered by and subject to the requirements imposed by the FLSA.

56. Defendants' restaurant was, at all material times, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of foodstuffs, produce, seafood (shrimp and salmon), beverages, coffees, teas, alcoholic beverages, and other products that moved through interstate commerce.

57. Defendants' restaurant cooked, prepared, and stored perishables and beverages using machinery, appliances, refrigeration, goods, and materials that also moved through interstate commerce.

58. Furthermore, Defendants' restaurant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

59. Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

60. Defendants also engage in e-commerce through relationships with DoorDash, Postmates, and Uber Eats, which involve the regular and recurrent exchange of electronic information and payment through interstate communications.

61. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

*FLSA Tip Violation(s) and Damages*

62. The FLSA was amended in 2018 at 29 U.S.C. §203(m)(2)(B) to confirm that employers may (a) not keep any portion of the tips and/or overtips earned by their employees for any reason – even when employers pay their employees more than the minimum wage – and (b) may not distribute tips to managers or supervisors:

> An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

63. Each employer that violates 29 U.S.C. §203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

64. Defendants violated the FLSA's prohibition against requiring employees to share their tips with traditionally non-tipped workers at 29 U.S.C. §203(m)(2)(B) by forcing Plaintiff to share his tips with the kitchen staff, who are traditionally non-tipped employees.

65. As a direct and proximate result of Defendants' violation of 29 U.S.C. §203(m)(2)(B), Plaintiff suffered damages.

66. Defendants either knowingly, intentionally, or recklessly failed to investigate whether their requirement for Plaintiff to share a portion of the tips he received with traditionally non-tipped employees (including those working in the kitchen) violated the FLSA.

67. Plaintiff is entitled to recover from Defendants, jointly and severally, all tips they required that he distribute to traditionally non-tipped employees during the last three years, plus an equal amount of liquidated damages, plus his attorney's fees and costs.

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, demands the entry of a judgment in his favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover the tips he earned and was not permitted to keep and/or was required to share with traditionally non-tipped employees

   b. That Plaintiff recover and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   c. That Plaintiff recover pre-judgment interest on all tips he was required to share with traditionally non-tipped employees if the Court does not award liquidated damages;

   d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   e. That Plaintiff recover all interest allowed by law;

   f. That Defendants be Ordered to make Plaintiff whole by awarding him receive the tips he earned but was not permitted to keep and other benefits wrongly denied in an amount to be shown at trial, and other affirmative relief; and

   g. Such other and further relief as the Court deems just and proper.

15

## COUNT III – FLSA MINIMUM WAGE VIOLATION(S)
(Against All Defendants)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and paragraphs 2 through 13 and 48 through 61 as though set forth fully herein and further alleges as follows:

68. The FLSA required the Defendants to pay Plaintiff at least the federal minimum wage of $7.25 for each hour worked.

69. Defendants failed to pay Plaintiff the applicable federal minimum wage of $7.25 per hour for each of the hours/remaining hours that he worked from approximately August 22, 2022, to November 1, 2023.

70. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff was damaged and entitled to receive the applicable federal minimum wage (or remainder of the federal minimum wage) for all unpaid/underpaid hours worked.

71. Defendants willfully and intentionally refused to pay Plaintiff at least the applicable federal minimum wage for each hour (or part thereof) worked during the relevant time period.

72. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the applicable federal minimum wage for the hours worked from approximately December 9, 2022, to November 1, 2023, violated the FLSA, knew from being sued for violating the FLSA in the past, intentionally misled Plaintiff into believing they were not required to pay him the minimum wages required by federal law, and/or devised a scheme that deprived Plaintiff of the minimum wage pay earned between December 9, 2022, anbd November 1, 2023.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

73. Plaintiff is entitled to recover from the Defendants, jointly and severally, the federal minimum wages earned but not timely paid during the last three years, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

74. Plaintiff is entitled to a back pay award of minimum wages under the FLSA for all unpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE, Plaintiff, Cristian Camilo Blanco Acosta, demands the entry of a judgment in his favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally, after trial by jury as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

<u>COUNT IV – FLSA OVERTIME WAGE VIOLATION(S)</u>
(Against All Defendants)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and paragraphs 2 through 13 and 48 through 61 as though set forth fully herein and further alleges as follows:

75. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

76. The FLSA required the Defendants to pay Plaintiff, as a non-exempt employee, overtime wages calculated at one and one-half times his regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked beyond 40 in a workweek.

77. Defendants did not pay Plaintiff overtime wages calculated at one and a half times his regular hourly rate (of at least the applicable Florida minimum wage) for all the hours he worked beyond 40 in each workweek, thereby violating the FLSA.

78. Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

79. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times his regular hourly rate (of at least the applicable Florida minimum wage) for each hour of overtime (or part thereof) worked during the relevant time period.

80. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages (of at least the applicable Florida minimum wage) for the overtime hours worked during the relevant time violated the FLSA, knew from being sued for violating the FLSA in the past, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

81. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages earned but not timely paid during the last three years, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, demands the entry of a judgment in his favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally, after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff be awarded all other interest allowed by law;

e. That the Court declare Defendants to have willfully violated the FLSA; and

f. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Cristian Camilo Blanco Acosta, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of December 2025,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue
>Suite 770
>Coral Gables, FL 33146
>Tel:   305.230.4884
>Counsel for Plaintiff