UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-CV-25762-JB

CRISTIAN CAMILO BLANCO
ACOSTA,

    Plaintiff,

v.

JCRB INC. D/B/A BISTRO CAFE, JAN
KARLO RUIZ ORTIZ, and TAMARA
PEREZ FELICIANO

    Defendants.               /

**DEFENDANTS' MOTION TO DISMISS**

    Defendants JCRB Inc. d/b/a Bistro Café ("Bistro Cafe"), Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano (collectively "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss Counts I – IV of the Complaint [DE 1] filed by Plaintiff Cristian Camilo Blanco Acosta, and state as follows:

    **I.    INTRODUCTION**

    Plaintiff's Complaint fails to plausibly allege facts necessary to support his claim under 26 U.S.C. § 7434 ("Section 7434") and his claims for tip, minimum wage, and overtime violations under the Fair Labor Standards Act ("FLSA"). Plaintiff, a former server at Defendants' restaurant known as "Bistro Café," alleges various causes of action, specifically under Section 7434, for Defendants alleged "exaggeration" or "false" reporting of income earned by Plaintiff, and for alleged tip, minimum wage, and overtime violations under the FLSA. However, the Complaint contains numerous pleading defects and relies on purely conclusory allegations that warrant dismissal of Counts I – IV.

1

<u>First</u>, Plaintiff's Complaint is devoid of necessary facts supporting Defendants alleged "willful" violation of Section 7434 ("Count I"). Rather, the Complaint only states in conclusory fashion that Defendants "willfully" or with knowledge exaggerated or failed to include the income earned by Plaintiff. However, this falls short of the pleading standard necessary for asserting a claim for fraudulent tax returns under section 7437, which requires specific factual allegations akin to the heightened standard for fraud under Federal Rule of Civil Procedure. Plaintiff must allege that the Defendants were aware of the duty purportedly imposed by Section 7434 and specifically intended to flout the statute, which he has failed to allege.

<u>Second</u>, Plaintiff's claim for "tip violation" ("Count II") should be dismissed because 29 U.S.C. § 203(m) of the FLSA concerns an employer's ability to take credit against the minimum wage by using the employee's tips as wages. The prohibitions of the section Plaintiff relies on applies only when an employer takes a tip credit. Plaintiff fails to allege that Defendant took a tip credit under the FLSA and otherwise fails to allege that Defendants kept Plaintiff's tips in a manner inconsistent with Section 3(m)(2)(B).

<u>Third</u>, Plaintiff has failed to plausibly allege willfulness to support the imposition of a three-year statute of limitations in support of his minimum wage claim (Count III). A complaint must contain enough facts to plausibly imply that the defendant had the required state of mind to allege willfulness. Plaintiff's allegations fail to imply willfulness and are nothing more than unsupported factual recitations of the elements. Plaintiff relies solely on conclusory allegations, which fail to infer anything more than negligent conduct. Thus, Plaintiff's claim is subject to the FLSA's two-year statute of limitations and is therefore untimely.

<u>Fourth</u>, Plaintiff has failed to plausibly allege facts supporting his claim that he was not properly compensated for hours worked over forty hours (Count IV). The only facts alleged by

Plaintiff in support of his overtime claim is that (1) Plaintiff worked over 40 hours in at least one workweek and (2) Defendants failed to pay Plaintiff overtime wages for all hours worked over 40 hours. However, Plaintiff fails to provide any other facts plausibly alleging a just and reasonable inference that he was inadequately compensated under the FLSA. The Eleventh Circuit has required at least a showing of the amount and extent of work for a plaintiff to survive a motion to dismiss, which Plaintiff has failed to do.

Accordingly, for the reasons set forth below, Counts I – IV of Plaintiff's Complaint should be dismissed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950; *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 4077463, 2015 WL 4077463, at *1 (S.D. Fla. July 6, 2015). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *See Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *1 (S.D. Fla. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Claims that "are no more than conclusions, are not entitled to the assumption of truth ... [T]hey must be supported by factual allegations." *Lussi v. Design-Build & Engineering, Inc.*, No. 09-23446-CIV, 2010 WL 1687079, at *5 (S.D. Fla. Apr. 26, 2010) (quoting *Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Mere conclusory allegations masquerading as facts provide no support for the sufficiency of a complaint. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005) (citation omitted).

### III.   ARGUMENT

**A.  Plaintiff fails to allege a willful violation of Section 7434 with particularity.**

Plaintiff does not allege more than conclusory allegations of scienter in support of Count I of his Complaint which, under Rule 9 of the Federal Rules of Civil Procedure, will not do. In Count I, Plaintiff alleges purported violation of 26 U.S.C. § 7434 as a potential class claim against Defendant JCRB.

"To establish a claim of tax fraud under 26 U.S.C. § 7434, Plaintiff must prove: (1) Defendants issued an information return; (2) The information return was fraudulent; and (3) Defendants willfully issued a fraudulent information return." *Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1297-98 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.*, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)). "While case law in our Circuit addressing the pleading standard for filing fraudulent tax returns under section 7434 is sparse, persuasive cases from this District and courts around the country have found that a section 7434 cause of action must contain specific

4

factual allegations akin to the heightened standard for fraud under Federal Rule of Civil Procedure 9(b)." *Jaramillo v. Moaz, Inc.*, 2020 WL 5752263 (S.D. Fla. Aug. 19, 2020) (citing *Leon*, 51 F. Supp.3d at 1298; *Vandenheede v. Vecchio*, 541 F. App'x 577, 580 (6th Cir. 2013); *Granado v. Comm'r*, 792 F.2d 91, 93 (7th Cir. 1986)). "Bare assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee—without specific facts as to the who, what, when, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud." *Leon*, 51 F.Supp.3d at 1298. *See also Jaramillo*, 2020 WL 5752263 ("Therefore, the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the 'who,' 'what,' 'when,' 'why,' and 'how' surrounding the actual filing of tax information.").

It is insufficient for Plaintiff to simply state that Defendant JCRB acted "willfully" or with knowledge of the purported falsity of the information return. Rather, willfulness in the context of Section 7434 "'connotes a voluntary, intentional violation of a legal duty,' and that tax fraud typically requires 'intentional wrongdoing.'" *Leon*, 51 F.Supp.3d at 1298 (quoting *Vandenheede*, 541 Fed.Appx. at 580). Indeed, "[t]o prove willfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute." *Dorseli v. Gonzalez*, 2017 WL 4286482 (M.D. Fla. 2017).

The Complaint contains nothing more than conclusory assertions that Defendant JCRB acted willfully. While Plaintiff may allege that Defendant JCRB purportedly caused false information returns to be issued "for each year Bistro Café employed Plaintiff and the IRC Class members," it does not allege an intentional violation of the statute. Plaintiff does not allege that Defendant JCRB was aware of the duty; nor does Plaintiff allege that Defendant JCRB intended to flout the statute. Further, there are no allegations to support the scienter element of this fraud-

5

based claim. More specifically, Plaintiff has not answered the "why." *Cf. Jaramillo*, 2020 WL 5752263 (finding plaintiff adequately alleged willfulness by pleading that the purpose of filing the returns was to lessen and evade payroll taxes associated with plaintiff's employment); *Diaz*, 2016 WL 4401141 (finding plaintiff adequately alleged willfulness by pleading the intent to shift the tax obligation to the plaintiff and not have to contribute to social security); *Chen v. Wow Restaurant TH, LLC*, 2024 WL 1994263 (M.D. Fla. May 6, 2024) (finding plaintiff adequately pled willfulness by outlining the false information returns at issue, the years in which they were issued, how the returns were incorrect, and why defendants issued the false returns). The basis of Plaintiff's Complaint is that Defendant JCRB purportedly exaggerated Plaintiff's taxable income while underreporting the taxable income of others, based upon a purported tip pool arrangement. Plaintiff has offered no allegations to explain the motive or intent of Defendant JCRB in purportedly making these reports. As Plaintiff has failed to plead willfulness with particularity, Count I should be dismissed.

### B.  Plaintiff does not allege a tip violation

Plaintiff fails to allege that Defendants engaged in behavior that violates the FLSA's tip credit rules. First, Plaintiff fails to allege that Defendants *took* a tip credit. Second, Plaintiff fails to allege that Defendants kept Plaintiff's tips in violation of the tip credit regulations.

In the Complaint, Plaintiff cites to 29 U.S.C. § 203(m)(2)(B) for the proposition that the employer may not "keep tips" received from its employees, "including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Compl. at ¶ 62. However, Plaintiff does not allege that any of the Defendants kept Plaintiff's tips, nor does Plaintiff allege that Defendants allowed managers or supervisors to keep

6

Plaintiff's tips. Rather, Plaintiff alleges that Defendants "forced" Plaintiff to share his tips with the kitchen staff. Compl. at ¶ at 64.

The FLSA allows employers to require employees to share or pool tips with other eligible employees[1]. Whether an employer may require the employee to share tips with employees who are not traditionally tipped (e.g., kitchen staff like dishwashers and cooks) depends on whether the employer has taken advantage of the tip credit. *See Petersen v. Ink 477, LLC*, 2025 WL 1040819, at *14 (S.D. Fla. 2025); *see also Aguila v. Corporate Caterers II, Inc.*, 199 F.Supp.3d 1358, 1360 (S.D. Fla. 2016). Noticeably absent from Plaintiff's Complaint is any allegation as to whether Defendants took a tip credit under the FLSA. Such information is required to allege a violation of the law. *See id*. Accordingly, Count II of the Complaint should be dismissed.

### C. Plaintiff fails to plausibly allege willfulness by the Defendants.

The Complaint fails to plausibly allege willfulness to support the imposition of a three-year statute of limitations with respect to Plaintiff's minimum wage claim (Count III). The FLSA's statute of limitations provides that a claim for unpaid wages which is not commenced "within two years after the cause of action accrued ... shall be forever barred ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *See Alvarez v. Perez v. Sanford-Orlando Kennel Club, Inc.*, 469 F.Supp.2d 1086, 1092 – 93 (M.D. Fla. 2006) (citing 29 U.S.C. § 255(a)). "Under [the FLSA], an employer acts willfully if it knows its conduct is prohibited or recklessly disregards whether its conduct is prohibited." *Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *4 (S.D. Fla. 2024) (citing *Morgans v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). Even though a defendant's state

---

[1] *See* 29 C.F.R. § 531.54(d).

7

of mind "may be alleged generally," Fed. R. Civ. P. 9(b), a complaint must contain enough facts to plausibly imply that the defendant had the required state of mind.

According to the Complaint, Defendants allegedly failed to pay Plaintiff the applicable minimum wage up to November 1, 2023. *See* Pl's Compl. at ¶ 69. However, the Complaint was not filed until December 9, 2025, over two years after the last date Plaintiff's alleged minimum wage claim accrued. To circumvent Plaintiff's untimeliness, Plaintiff alleges, without any factual support, that: Defendants "willfully and intentionally refused to pay Plaintiff" the applicable minimum wage, *see* Compl. at ¶ 71, and "either recklessly failed to investigate whether their failure to pay… violated the FLSA", "knew from being sued for violating FLSA claims in the past" (without specifying in any manner the type of claim or the allegations asserted in the alleged lawsuit), and "intentionally misled Plaintiff into believing they were not required to pay him the minimum wages required by federal law…" *See* Compl. at ¶ 72. Such allegations do not imply willfulness and are nothing more than an unsupported factual recitation of the elements. *See Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *5 (S.D. Fla. 2024). At best, there is an equally plausible inference of negligent conduct. *See id.*

There are no facts from which the Court could infer that Defendants' alleged conduct was "willful." *See Jimenez v. Cruz & Cruz, Inc.*, 2024 WL 4555937, at * 2 – 3 (S.D. Fla. 2024) (finding that allegations that (1) defendant knew or should have known the requirements of the FLSA and (2) willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance of the FLSA were bare bone allegations of willfulness, with no factual support). Accordingly, Plaintiff's generalized and barebone allegations are insufficient to plausibly allege willfulness and Count III should be dismissed as time-barred under the FLSA's two-year statute of limitations.

### D. Plaintiff fails to plausibly allege facts showing that he was inadequately compensated overtime wages under the FLSA.

Plaintiff fails to allege any facts showing a just and reasonable inference of the amount and extent of his work to demonstrate that he was not paid overtime. "[A] plaintiff must show as a matter of just and reasonable inference the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA." *Hernandez v. Anderson*, 2015 WL 3514483, at *5 (M.D. Fla. 2015) (quoting *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240, at *9 (M.D.Fla. Jan.2, 2013)).

Plaintiff only alleges that he routinely worked over 40 hours for Defendants in one or more workweek and that Defendants did not pay him overtime wages for all hours worked over forty hours in a workweek. Compl. at ¶¶ 75, 77. However, Plaintiff fails to allege any other factual basis in which the Court could make a 'just and reasonable inference' as to the amount and extent of his work. *See Hernandez v. Anderson*, 2015 WL 3514483, at *5 (M.D. Fla. 2015); *see also St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (granting motion to dismiss where plaintiff failed to provide sufficient factual support to demonstrate that she was inadequately compensated under the FLSA). Here, Plaintiff fails to provide the necessary timeframe or any dates or date ranges during which he purportedly worked overtime. Accordingly, Plaintiff has failed to meet the 'just and reasonable' inference standard and Court IV should be dismissed.

WHEREFORE, Defendants JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano respectfully request that this Court enter an Order dismissing Counts I, II and IV for failure to state a claim and Count III for being barred by the applicable statute of limitations and grant such other relief this Court deems just and proper.

Dated: February 16, 2026

Respectfully submitted,

*/s/ Holly Griffin Goodman*
HOLLY GRIFFIN GOODMAN
Florida Bar No. 93213
Email: hgoodman@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Fax: (561) 655-5677
*Attorney for Defendant*