UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

    Plaintiffs,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

    Counsel for Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, and counsel for Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, having met and conferred on March 3, 2026 via Zoom videoconference, submit this Joint Scheduling Report pursuant to Local Rule 16.1(b)(2) and this Court's Order Regarding Procedures entered December 12, 2025 [ECF No. 4]. The Parties have served their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and this Court's Order.

**(A)**    **The Likelihood of Settlement.**

    The parties remain open to exchanging information and exploring the potential for resolving this matter and will continue to keep as open settlement dialogue.

**(B)**    **The Likelihood of Appearance in the Action of Additional Parties.**

    Plaintiffs asserted a putative class action claim against Defendant JCRB Inc. d/b/a Bistro Café for violating 26 U.S.C. § 7434. Plaintiff Blanco asserted collective action claims under various

aspects of the Fair Labor Standards Act ("FLSA") (tips, minimum wages, and overtime), and a class action claim under the Florida Minimum Wage Act ("FMWA"). Accordingly, Plaintiffs anticipate that additional individuals may join this action through the FLSA's opt-in process and/or that this matter may affect the rights of other current and former employees at Bistro Café pursuant to class certification proceedings. At this time, the identities and number of such individuals are not yet known. Defendants acknowledge that Plaintiffs have attempted to state putative class and collective claims, but do not concede that class or collective treatment would be appropriate or that additional parties should be added.

**(C)** **Proposed Limits on Time.**

Because this action involves putative class claims under the FMWA and 26 U.S.C. § 7434, and collective claims under the FLSA, the parties jointly propose a case schedule that exceeds the timeframes suggested in the Court's Template Scheduling Order. The parties anticipate that additional time may be necessary to address collective action notice and opt-in/opt-out procedures, potential class certification proceedings, briefing related to the same, and discovery related to putative class and collective members.

1. **To join other parties and to amend the pleadings:** by October 13, 2026.
2. **To file dispositive motions:** by May 14, 2027.
3. **To complete discovery:** by March 15, 2027.

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time.

**(E)     The Necessity or Desirability of Amendments to the Pleadings.**

None at this time, pending Defendants' response to the Amended Complaint [ECF No. 12]. Plaintiffs reserve the right to seek leave to amend as permitted by the Federal Rules of Civil Procedure and this Court's Scheduling Order.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

The parties propose that they utilize admissions of fact and stipulations regarding the authenticity of documents to avoid unnecessary proof.

**(G)     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.**

None other than in (F), above.

**(H)     Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

The parties propose that motions concerning discovery, costs, or attorneys' fees could be referred to a Magistrate Judge for resolution.

**(I)     A Preliminary Estimate of the Time Required for Trial.**

The parties' preliminary estimate of the time required for trial is five days by jury.

**(J)     Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial.**

The parties note that the proposed dates below deviate from the timelines suggested in the Court's Template Scheduling Order. As noted in Section C above, because this action putative class claims under the FMWA and 26 U.S.C. § 7434, and collective claims under the FLSA, additional time may be required for potential collective action notice and opt-in procedures, class

certification proceedings, briefing related to the same, and discovery related to putative class and collective members.

      1.    **Trial:** August 9, 2027, at 9:30 a.m.

      2.    **Calendar Call:** August 3, 2027, at 10:00 a.m.

      3.    **Joint Pre-trial Stipulations:** July 27, 2027.

      4.    **Motion in Limine deadline:** May 14, 2027.

      5.    **Completion of Mediation:** March 22, 2027.

**(K)    Any Issues Regarding:**

      1.    **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced.**

The parties anticipate that ESI may exist subject to discovery or disclosure. The parties should preserve relevant ESI in native format, and initial production should be made in reasonably usable, searchable Word, Excel, PDF or TIFF format unless otherwise agreed. The parties further anticipate producing ESI relating to the days and hours worked, compensation, tips distribution, payroll records, and tax reporting for Plaintiffs and the others who join and/or are affected by this litigation, as determined by the Court, to the extent such ESI exists.

With respect to emails or other searchable ESI, the parties propose to confer regarding reasonable search terms consistent with Fed. R. Civ. P. 26(b)(1). Any disputes regarding the scope or format of ESI production may be addressed through the Magistrate Judge's discovery procedures. Additionally, Plaintiffs propose that such discussions may be used in connection with any motion to compel.

      2.    **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims**

**after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after the litigation became imminent or after the commencement of the action and documents created by counsel after litigation became imminent. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties propose that they address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

    **3.**    **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)**    **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

Plaintiffs intend to expand these proceedings by seeking collective action treatment of Plaintiff Blanco's FLSA claims, class certification of Plaintiffs' 26 U.S.C. § 7434 claim, and class certification of Plaintiff Blanco's FMWA claim. The briefing, ruling, and opt-in/opt-out time may impact the schedule proposed, and, if so, the parties will confer prior to requesting that the Court modify the schedule.

**(M)**    **Plaintiff's Statement of Claim.**

Plaintiff, Cristian Camilo Blanco Acosta, provides this Statement of Claim as a case management tool required by the Court at ECF No. 4. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading, and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure"). Plaintiff Blanco's Statement of Claim is based upon the information currently known and/or available. Plaintiff Blanco reserves the right to amend this Statement of Claim based upon additional information provided by Defendants, through discovery, and/or as additional/different information becomes known.

    **1.**    **Initial estimate of the total amount of alleged unpaid wages.**

Plaintiff Blanco pursues wage claims under the FLSA and for himself and others similarly

situated under the FMWA. Plaintiff Blanco estimates he is owed the following under the FLSA:

| | |
|---|---|
| FLSA Minimum Wages: | **$20.42** |
| FLSA Tip Violation(s): | **$24,283.00** |
| FLSA Overtime Wages: | **$117.47** |
| **Total FLSA Damages:** | **$34,795.25** |

Plaintiff Blanco further estimates being owed **$10,374.36** in Florida minimum wages under the FMWA, and that other similarly situated servers employed by the Defendants would be owed minimum wages under the FMWA by multiplying the difference in their direct hourly wages by the hours they worked. As this information is not in Plaintiffs' possession, they cannot estimate the class wage damages at this time.

## 2. Preliminary calculation of alleged unpaid wages.

Please see Plaintiff Blanco's calculations of his unpaid minimum and overtime wages in Exhibit "A," attached hereto.

## 3. Approximate period during which the alleged FLSA violations occurred.

Plaintiff Blanco seeks, for himself, recovery under the FLSA from December 9, 2022, and recovery under the FMWA from August 2022, through his last day of work for Defendants in November 2024 but seeks to assemble a collective action that could seek recovery for other dates, based on each person's dates of work.

## 4. Nature of the wages (e.g., overtime or straight time).

Plaintiff Blanco seeks recovery of the following for himself and others similarly situated:

a. FLSA minimum wages,

    b. FLSA tip violation(s), and

    c. FLSA overtime wages.

**5. Amount of attorneys' fees and costs incurred to date.**

| | |
|---|---|
| Attorneys' Fees: | **$29,136.10** |
|     Brian H. Pollock, Esq. (Rate $635.00/hour) | 5.23 hours |
|     P. Brooks LaRou, Esq. (Rate $450.00/hour) | 39.4 hours |
|     Samuel G. Gonzalez, Esq. (Rate $450.00/hour) | 7.8 hours |
|     Steffany Sanguino (paralegal) (Rate $185.00/hour) | 24.73 hours |
| Costs: | **$592.88** |
| Total Fees and Costs: | **$29,728.98** |

**(N) Response to Plaintiff's Statement of Claim.**

Defendants deny that they have violated any federal statute or other law, including but not limited to the Fair Labor Standards Act ("FLSA"). Defendants dispute and deny Plaintiff Blanco's Statement of Claim in its entirety, including the underlying assumptions, allegations and calculation of alleged unpaid overtime, amount of alleged unpaid wages, claims for liquidated damages, and claims for attorneys' fees and costs.

Plaintiff Blanco worked in a position that qualifies for the tip credit under the FLSA. JCRB maintained tip credit policies that complied with the FLSA. Defendants deny that they mandated Plaintiff Blanco (or any other employees) to share tips with employees who do not customarily and regularly receive tips. JCRB further denies that it retained any portion of Plaintiff Blanco's (or any other employees') tips. At all times, Defendants acted in good faith, followed their typical payroll practices, and paid Plaintiff Blanco the proper amount under the FLSA.

Defendants' defenses include:

Defendants deny any liability in this action under the FLSA and assert that Plaintiff Blanco's claims on behalf of himself or other similarly situated are barred because at all relevant times Defendants acted in good faith and with reasonable belief that they did not violate the FLSA.

Plaintiff Blanco's claim on behalf of himself or other similarly situated is barred, in whole or in part, by the applicable statute of limitations.

Plaintiff Blanco's claim fails because Plaintiff Blanco did not work overtime for certain weeks in which he is seeking overtime.

Defendants assert that Plaintiff Blanco on behalf of himself or other similarly situated is not entitled to any recovery because any alleged acts or omissions were made by Defendnats in good faith in conformity with and reliance upon applicable administrative regulations, orders, rulings, approvals, interpretations, administrative practice, or enforcement policies with respect to the class of employers to which Defendant JCRB belongs.

At no time did Defendants pay Plaintiff Blanco in a manner known or believed to violate any applicable FLSA requirement, nor did Defendants compensate Plaintiff Blanco in willful disregard of any applicable FLSA requirements.

Plaintiff Blanco is barred in whole or in part from recovering any overtime compensation for time he worked but failed to report or otherwise concealed from Defendants. Plaintiff Blanco's claim on behalf of himself or other similarly situated is barred to the extent that he seeks recovery for any time that is not compensable time under the FLSA. Plaintiff Blanco's claims to proceed collectively fail to the extent that the proposed collective members are not "similarly situated" to Plaintiff Blanco.

Plaintiff Blanco's claims on behalf of himself or other similarly situated under the Florida Minimum Wage Act are barred to the extent they are duplicative of, or preempted by, Plaintiff Blanco's claims under the FLSA.

**(O)  Early Mediation with Magistrate Judge**

Pursuant to the Court's Order Regarding Procedures [ECF No. 4 at ¶ 4], the parties jointly advise that they believe an early mediation with a United States Magistrate Judge would be helpful in facilitating a potential resolution of this matter. Accordingly, the parties respectfully request that the Court refer this case for early mediation before a Magistrate Judge at the Court's convenience.

Respectfully submitted this 6th day of March 2026,

| | |
|---|---|
| s/ Patrick Brooks LaRou | s/ Holly Griffin Goodman |
| Brian H. Pollock, Esq. (174742) | Holly Griffin Goodman, Esq. |
| brian@fairlawattorney.com | Florida Bar No. 93213 |
| Patrick Brooks LaRou, Esq. (1039018) | hgoodman@gunster.com |
| brooks@fairlawattorney.com | GUNSTER YOAKLEY & STEWART, P.A. |
| FAIRLAW FIRM | 777 South Flagler Drive |
| 135 San Lorenzo Avenue, Suite 770 | Suite 500 East |
| Coral Gables, Florida 33146 | West Palm Beach, Florida 33401 |
| Telephone: (305) 230-4884 | Telephone: (561) 655-1980 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |