UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 1:25-CV-25762-JB**

CRISTIAN CAMILO BLANCO
ACOSTA, and SERGIO ARDILA
ORTIZ,

      Plaintiffs,

v.

JCRB INC. D/B/A BISTRO CAFE, JAN
KARLO RUIZ ORTIZ, and TAMARA
PEREZ FELICIANO

      Defendants.               /

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants JCRB Inc. d/b/a Bistro Café ("Bistro Cafe"), Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano (collectively "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss Counts I – IV of the Amended Complaint [DE 12][1] filed by Plaintiffs Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, and state as follows:

## I.    INTRODUCTION

The Amended Complaint fails to cure the glaring deficiencies of the original Complaint. As with the original Complaint, the Amended Complaint fails to plausibly allege facts necessary to support Plaintiffs' claim under 26 U.S.C. § 7434 ("Section 7434") and Plaintiff Blanco's claims for tip, minimum wage, and overtime violations under the Fair Labor Standards Act ("FLSA").

---

[1] Although duplicative of the Fair Labor Standards Act claim and without conceding its merit, Defendants are not moving to dismiss the Florida Minimum Wage Act claim in Count V. Under Rule 12(a)(4)(A), Defendants understand that the deadline to respond to Count V will be tolled pending the Court's resolution of this Motion. However, to the extent that the response deadline is not tolled by the Rule, Defendants respectfully request an extension to respond to Count V until after the Court's resolution of this motion.

Plaintiff Blanco ("Blanco"), a former server at Defendants' restaurant known as "Bistro Café," and Plaintiff Ortiz ("Ortiz"), a former food runner at Bistro Café, allege a claim under Section 7434, for Defendants alleged "exaggeration" or "false" reporting of income earned by them. Moreover, Blanco alleges various causes of action, specifically for alleged tip, minimum wage, and overtime violations under the FLSA and for minimum wage violations under the FMWA. However, the Amended Complaint contains numerous pleading defects and relies on purely conclusory allegations that warrants dismissal of Counts I – IV.

First, the Amended Complaint is devoid of necessary facts supporting Defendants alleged "willful" violation of Section 7434 ("Count I"). Rather, the Amended Complaint only states in conclusory fashion that Defendants "willfully" or with knowledge exaggerated or failed to include the income earned by Plaintiffs. However, this falls short of the pleading standard necessary for asserting a claim for fraudulent tax returns under section 7437, which requires specific factual allegations akin to the heightened standard for fraud under Federal Rule of Civil Procedure. Plaintiffs must allege that the Defendants were aware of the duty purportedly imposed by Section 7434 and specifically intended to flout the statute, which they have failed to allege.

Second, Ortiz lacks standing to assert a Section 7434 claim. Oritz's entire claim is premised on the allegation that his income was "understated" on his tax returns because Blanco and other servers were required to pay him a portion of tips received, and such tips were reported on Blanco's and other servers' tax documents – not Ortiz's. However, as explained by the Eleventh Circuit in *Baker v. Batmasian*, 730 Fed.Appx. 776, 779 – 780 (11th Cir. 2018), only the individual to whom the allegedly fraudulent information return purports that payments were made can bring a claim under Section 7434, which his not Ortiz. Moreover, a claim for statutory damages under Section

2

7434 requires proof of an injury-in-fact, which Ortiz has failed to plead, as the underreporting of wages does not amount to a concrete injury.

Third, Blanco's claim for "tip violation" ("Count II") should be dismissed because 29 U.S.C. § 203(m) of the FLSA concerns an employer's ability to take credit against the minimum wage by using the employee's tips as wages. The prohibitions of the section for which Blanco relies on applies only when an employer takes a tip credit. Blanco fails to allege that Defendant took a tip credit under the FLSA and otherwise fails to allege that Defendants kept his tips in a manner inconsistent with Section 3(m)(2)(B).

Fourth, Blanco has failed to plausibly allege willfulness to support the imposition of a three-year statute of limitations in support of his minimum wage claim (Count III). A complaint must contain enough facts to plausibly imply that the defendant had the required state of mind to allege willfulness. Blanco's allegations fail to imply willfulness and are nothing more than unsupported factual recitations of the elements. Blanco relies solely on conclusory allegations, which fail to infer anything more than negligent conduct. Thus, Blanco's claim is subject to the FLSA's two-year statute of limitations and is therefore untimely.

Fifth, Blanco has failed to plausibly allege facts supporting his claim that he was not properly compensated for hours worked over forty hours (Count IV). The only facts alleged by him in support of his overtime claim is that (1) Blanco worked over 40 hours and (2) Defendants failed to pay him overtime wages for all hours worked over 40 hours. However, Blanco fails to provide any other facts plausibly alleging a just and reasonable inference that he was inadequately compensated under the FLSA. The Eleventh Circuit has required at least a showing of the amount and extent of work for a plaintiff to survive a motion to dismiss, which Blanco has failed to do.

Accordingly, for the reasons set forth below, Counts I – IV of the Amended Complaint should be dismissed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950; *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 4077463, 2015 WL 4077463, at *1 (S.D. Fla. July 6, 2015).Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *See Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *1 (S.D. Fla. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Claims that "are no more than conclusions, are not entitled to the assumption of truth ... [T]hey must be supported by factual allegations." *Lussi v. Design-Build & Engineering, Inc.*, No. 09-23446-CIV, 2010 WL 1687079, at *5 (S.D. Fla. Apr. 26, 2010) (quoting

Iqbal, 129 S. Ct. 1937, 1950 (2009)). Mere conclusory allegations masquerading as facts provide

no support for the sufficiency of a complaint. *See Aldana v. Del Monte Fresh Produce, N.A., Inc.*,

416 F.3d 1242, 1253 (11th Cir. 2005) (citation omitted).

### III.   ARGUMENT

#### A.  Plaintiffs fail to allege a willful violation of Section 7434 with particularity.

Plaintiffs do not allege more than conclusory allegations of scienter in support of Count I

of the Amended Complaint which, under Rule 9 of the Federal Rules of Civil Procedure, will not

do. In Count I, Plaintiffs allege purported violation of 26 U.S.C. § 7434 as a potential class claim

against Defendant JCRB.

"To establish a claim of tax fraud under 26 U.S.C. § 7434, Plaintiff must prove: (1)

Defendants issued an information return; (2) The information return was fraudulent; and (3)

Defendants willfully issued a fraudulent information return." *Leon v. Tapas & Tintos, Inc.*, 51

F.Supp.3d 1290, 1297-98 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.*, 2013 WL 6184969, at

*7 (S.D. Fla. Nov. 25, 2013)). "While case law in our Circuit addressing the pleading standard for

filing fraudulent tax returns under section 7437 is sparse, persuasive cases from this District and

courts around the country have found that a section 7434 cause of action must contain specific

factual allegations akin to the heightened standard for fraud under Federal Rule of Civil Procedure

9(b)." *Jaramillo v. Moaz, Inc.*, 2020 WL 5752263 (S.D. Fla. Aug. 19, 2020) (citing *Leon*, 51 F.

Supp.3d at 1298; *Vandenheede v. Vecchio*, 541 F. App'x 577, 580 (6th Cir. 2013); *Granado v.

Comm'r*, 792 F.2d 91, 93 (7th Cir. 1986)). "Bare assertions that Defendants 'knew' the returns to

be false, or that Plaintiff requested that Defendants pay him as an employee—without specific

facts as to the who, what, when, why or how surrounding the actual filing of returns—does not

meet the standard for pleading tax fraud." *Leon*, 51 F.Supp.3d at 1298. *See also Jaramillo*, 2020

WL 5752263 ("Therefore, the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the 'who,' 'what,' 'when,' 'why,' and 'how' surrounding the actual filing of tax information."); *see also Austin v. Metro Development Group, LLC*, 571 F.Supp.3d 1279, 1289 (S.D. Fla. 2021).

It is insufficient for Plaintiffs to simply state that Defendant JCRB acted "willfully" or with knowledge of the purported falsity of the information return. Rather, willfulness in the context of Section 7434 "'connotes a voluntary, intentional violation of a legal duty,' and the tax fraud typically requires 'intentional wrongdoing.'" *Leon*, 51 F.Supp.3d at 1298 (quoting *Vandenheede*, 541 Fed.Appx. at 580). Indeed, "[t]o prove willfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute." *Dorseli v. Gonzalez*, 2017 WL 4286482 (M.D. Fla. 2017).

The Amended Complaint contains nothing more than conclusory assertions that Defendant JCRB acted willfully. While Plaintiffs may allege that Defendant JCRB purportedly caused false information returns to be issued "for each year Bistro Café employed Plaintiff and the IRC Class members," it does not allege an intentional violation of the statute. Plaintiffs do not allege that Defendant JCRB was aware of the duty; nor do Plaintiffs allege that Defendant JCRB intended to flout the statute. Further, there are no allegations to support the scienter element of this fraud-based claim. More specifically, Plaintiffs have not answered the "why." *Cf. Jaramillo*, 2020 WL 5752263 (finding plaintiff adequately alleged willfulness by pleading that the purpose of filing the returns was to lessen and evade payroll taxes associated with plaintiff's employment); *Diaz*, 2016 WL 4401141 (finding plaintiff adequately alleged willfulness by pleading the intent to shift the tax obligation to the plaintiff and not have to contribute to social security); *Chen v. Wow Restaurant TH, LLC*, 2024 WL 1994263 (M.D. Fla. May 6, 2024) (finding plaintiff adequately pled willfulness

by outlining the false information returns at issue, the years in which they were issued, how the returns were incorrect, and why defendants issued the false returns). Unlike the standard misclassification theory, the basis of Plaintiffs' claim is that Defendant JCRB purportedly exaggerated Plaintiff's taxable income while underreporting the taxable income of others, based upon a purported tip pool arrangement. Plaintiffs have offered no allegations to explain the motive or intent of Defendant JCRB in purportedly making these reports. As Plaintiffs have failed to plead willfulness with particularity, Count I should be dismissed.

### B. Ortiz lacks standing as he has failed to plead damages to support a claim under Section 7434.

Ortiz alleges that Defendants violation of Section 7434 resulted in his taxable income being "understated," as Blanco and "others" allegedly paid a portion of the tips to bussers and food runners, like Ortiz. Am. Compl. at ¶ ¶ 20, 22, 23(b). That is, Ortiz is alleging that payments of tips to him were reflected in Blanco's and other servers' tax returns. However, Section 7434 states: "If any person willfully files a fraudulent information return with respect to *payments purported to be made to any other person*, such *other person* may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a) (emphasis added). Thus, the statute is unambiguous on the issue of who may bring a civil action for damages - it is only the "other person" to whom payments were purportedly made according to the fraudulent information return. *Baker v. Batmasian*, 730 Fed. Appx. 776, 779-80 (11th Cir. 2018). As explained by the Eleventh Circuit in *Baker v. Batmasian*, 730 Fed.Appx. 776, 779 – 780 (11th Cir. 2018), only the individual to whom the allegedly fraudulent information return purports that payments were made can bring a claim under Section 7434. Thus, Ortiz is not the "other person," and for Ortiz to be able to bring a claim because his information return should have reflected payments made to him would require a rewrite of the statute. *See id*.

Moreover, a claim for statutory damages under Section 7434 requires proof of an injury-in-fact, which Ortiz has failed to plead. To establish standing, a plaintiff must show that he or she has (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). To establish injury in fact, the plaintiff must show that he or she has suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339. The "particularized" requirement is satisfied if the injury "affect[s] the plaintiff in a personal and individual way." *Id*. A "concrete" injury is one that "actually exist[s]," meaning that it is "real and not abstract." *Id*.

In *Aquino v. Mobis Alabama, LLC*, 739 F. Supp.3d 1152 (N.D. Ga. May 28, 2024), the plaintiffs alleged that their employer attempted to defraud the IRS by willfully underreporting their taxable wages. *Id*. at *7. The Court held that the plaintiffs did not have standing to assert their § 7434 claim because they failed to allege a concrete injury even though the plaintiffs alleged that they would suffer economic damages because they would incur tax preparer or accounting fees to correct the misrepresentations and penalties associated with the late payment of taxes on the unreported wages. *Id*. at *8-9. Similarly, here, Ortiz did not suffer a concrete injury. Ortiz fails to allege that he was injured in any way. Nor does he attempt to allege how his "understated" income caused him any harm. Accordingly, Ortiz lacks standing to assert a claim under Section 7434.

### C.  Blanco does not allege a tip violation under the FLSA.

Blanco fails to allege that Defendants engaged in behavior that violates the FLSA's tip credit rules. First, Blanco fails to allege that Defendants *took* a tip credit. Second, Blanco fails to allege that Defendants kept Blanco's tips in violation of the tip credit regulations.

8

In the Amended Complaint, Plaintiff cites to 29 U.S.C. § 203(m)(2)(B) for the proposition that the employer may not "keep tips" received from its employees, "including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Am. Compl. at ¶ 65. However, Blanco does not allege that any of the Defendants kept Blanco's tips, nor does he allege that Defendants allowed managers or supervisors to keep his tips. Rather, Blanco alleges that Defendants "forced" him to share his tips with the kitchen staff. Am. Compl. at ¶ at 67.

The FLSA allows employers to require employees to share or pool tips with other eligible employees[2]. Whether an employer may require the employee to share tips with employees who are not traditionally tipped (e.g., kitchen staff like dishwashers and cooks) depends on whether the employer has taken advantage of the tip credit. *See Petersen v. Ink 477, LLC*, 2025 WL 1040819, at *14 (S.D. Fla. 2025); *see also Aguila v. Corporate Caterers II, Inc.*, 199 F.Supp.3d 1358, 1360 (S.D. Fla. 2016). Noticeably absent from Amended Complaint is any allegation as to the *amount* Blanco was paid by Defendants or any allegation as to whether Defendants took a tip credit under the FLSA. Such information is required to allege a violation of the law. *See id*. Accordingly, Count II of the Amended Complaint should be dismissed.

### D. Blanco fails to plausibly allege willfulness by the Defendants.

The Amended Complaint fails to plausibly allege willfulness to support the imposition of a three-year statute of limitations with respect to Blanco's minimum wage claim (Count III). The FLSA's statute of limitations provides that a claim for unpaid wages which is not commenced "within two years after the cause of action accrued ... shall be forever barred ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of

---

[2] *See* 29 C.F.R. § 531.54(d).

action accrued." *See Alvarez v. Perez v. Sanford-Orlando Kennel Club, Inc.*, 469 F.Supp.2d 1086, 1092 – 93 (M.D. Fla. 2006) (citing 29 U.S.C. § 255(a)). Under [FLSA], an employer acts willfully if it knows its conduct is prohibited or recklessly disregards whether its conduct is prohibited. *Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *4 (S.D. Fla. 2024) (citing *Morgans v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). Even though a defendant's state of mind "may be alleged generally," Fed. R. Civ. P. 9(b), a complaint must contain enough facts to plausibly imply that the defendant had the required state of mind.

According to the Amended Complaint, Defendants allegedly failed to pay Blanco the applicable minimum wage up to November 1, 2023. *See* Am. Compl. at ¶ 72. However, the original Complaint was not filed until December 9, 2025, over two years after the last date Blanco's alleged minimum wage claim accrued. To circumvent Blanco's untimeliness, he alleges, without any factual support, that: Defendants "willfully and intentionally refused to pay Plaintiff Blanco" the applicable minimum wage, *see* Compl. at ¶ 74, and "either recklessly failed to investigate whether their failure to pay… violated the FLSA", "knew from being sued for violating FLSA claims in the past" (without specifying in any manner the type of claim or the allegations asserted in the alleged lawsuit), and "intentionally misled Plaintiff into believing they were not required to pay him the minimum wages required by federal law…" *See* Compl. at ¶ 75. Such allegations do not imply willfulness and are nothing more than an unsupported factual recitation of the elements. *See Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *5 (S.D. Fla. 2024). At best, there is an equally plausible inference of negligent conduct. *See id*.

There are no facts from which the Court could infer that Defendants' alleged conduct was "willful." *See Jimenez v. Cruz & Cruz, Inc.*, 2024 WL 4555937, at * 2 – 3 (S.D. Fla. 2024) (finding that allegations that (1) defendant knew or should have known the requirements of the FLSA and

(2) willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance of the FLSA were bare bone allegations of willfulness, with no factual support). Accordingly, Blanco's generalized and barebone allegations are insufficient to plausibly allege willfulness and Count III should be dismissed as time-barred under the FLSA's two-year statute of limitations.

### E. Blanco fails to plausibly allege facts showing that he was inadequately compensated overtime wages under the FLSA.

Plaintiff fails to allege any facts showing a just and reasonable inference of the amount and extent of his work to demonstrate that he was not paid overtime. "[A] plaintiff must show as a matter of just and reasonable inference the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA." *Hernandez v. Anderson*, 2015 WL 3514483, at *5 (M.D. Fla. 2015) (quoting *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, 2013 WL 24240, at *9 (M.D.Fla. Jan.2, 2013)).

Blanco only alleges that he routinely worked over 40 hours for Defendants and that Defendants did not pay him overtime wages for all hours worked over forty hours in a workweek. Compl. at ¶ ¶ 75, 77. However, Blanco fails to allege any other factual basis on which the Court could make a 'just and reasonable inference' as to the amount and extent of his work. *See Hernandez v. Anderson*, 2015 WL 3514483, at *5 (M.D. Fla. 2015); *see also St. Croix v. Genentech, Inc.*, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (granting motion to dismiss where plaintiff failed to provide sufficient factual support to demonstrate that she was inadequately compensated under the FLSA). Here, Blanco fails to provide the necessary timeframe or any dates or date ranges during which he worked overtime. Accordingly, Blanco has failed to meet the 'just and reasonable' inference standard and Court IV should be dismissed.

WHEREFORE, Defendants JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano respectfully request that this Court enter an Order dismissing Counts I, II, and IV for failure to state a claim and Count III for being barred by the applicable statute of limitations and grant such other relief this Court deems just and proper.

Dated: March 16, 2026                              Respectfully submitted,

                                                  */s/ Holly Griffin Goodman*
                                                  HOLLY GRIFFIN GOODMAN
                                                  Florida Bar No. 93213
                                                  Email: hgoodman@gunster.com
                                                  GUNSTER YOAKLEY & STEWART, P.A.
                                                  777 South Flagler Drive
                                                  Suite 500 East
                                                  West Palm Beach, FL 33401-6194
                                                  Phone: 561-655-1980
                                                  Fax: (561) 655-5677
                                                  *Attorney for Defendant*