**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:25-CV-25762-JB**

CRISTIAN CAMILO BLANCO
ACOSTA, and SERGIO ARDILA
ORTIZ,

      Plaintiffs,

v.

JCRB INC. D/B/A BISTRO CAFE, JAN
KARLO RUIZ ORTIZ, and TAMARA
PEREZ FELICIANO

      Defendants.                  /

_____

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants JCRB Inc. d/b/a Bistro Café ("Bistro Cafe"), Jan Karlo Ruiz Ortiz, and Tamara

Perez Feliciano (collectively "Defendants"), pursuant to Local Rule 7.1(c)(1)[1], hereby submits

their Reply Memorandum in support of their Motion to Dismiss [DE 19] the Amended Compliant

[DE 12] filed by Plaintiffs Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, and state as

follows:

**<u>REPLY MEMORANDUM</u>**

Plaintiffs' Response [DE 23] fails to raise any meaningful opposition to Defendants'

Motion to Dismiss. Plaintiffs attempt to salvage their deficient pleading through fallacious legal

arguments, reciting the same conclusory allegations, and introducing entirely new facts that are

not alleged in the Amended Complaint, all while largely failing to set forth relevant judicial

authority opposing Defendants properly supported arguments. Accordingly, for the reasons set

---

[1] Pursuant to Local Rule 7.1(c)(1), Defendants limit their Reply to the rebuttal of matters raised in Plaintiffs' Response without re-argument of matters covered in its initial memorandum of law.

1

forth below, the Court should reject the arguments raised in Plaintiffs' Response and dismiss Counts I – IV of the Amended Complaint.

### A. Plaintiffs fail to allege facts demonstrating the "why" with particularity to support a claim under § 7434.

The Amended Complaint is devoid of any specific factual allegation demonstrating the "why" as to Bistro Café's alleged submission of false information returns. Plaintiffs' Response focuses solely on the Amended Complaint's conclusory allegations that (1) Bistro Café knew that the information contained in the information returns were false, (2) the returns were false and inaccurate because they overstated the servers' taxable income, and (3) Bistro Café "knowingly" and "willfully" filed and submitted each of the fraudulent information forms. Plaintiffs, however, ignore the Amended Complaints' critical deficiency of any specifically alleged facts demonstrating "<u>why</u>" Bistro Café' allegedly filed false information returns. *See Jaramillo v. Moaz, Inc.*, 2020 WL 5752263, at *5 (S.D. Fla. Aug. 19, 2020) (the pleading of a 26 U.S.C. § 7434 violation must contain specific allegations regarding the "who," "what," "when," "<u>why</u>," and "how" surrounding the actual filing of tax information.).

Nowhere do Plaintiffs' point to any factual allegation demonstrating the "why." Plaintiffs cannot avoid their obligation to do so by generally or vaguely pleading knowledge, willfulness, or that the information returns were false. In *Jaramillo v. Moaz*, the Court found that plaintiff adequately pled a claim under § 7434 because plaintiff answered the "why" by alleging that the defendant filed the returns <u>to lessen and evade the payroll taxes associated with Plaintiff's employment</u>. *See Jaramillo v. Moaz, Inc.*, 2020 WL 5752263, at *5 (S.D. Fla. Aug. 19, 2020); *see also Diaz v. In Season Distributors*, 2016 WL 4401141 at *2 (S.D. Fla. 2016) (finding plaintiff adequately alleged a violation of 26 U.S.C. § 7434 where the plaintiff alleged that the defendant filed false annual tax returns <u>to shift the tax obligation to plaintiff and to not have to contribute</u>

social security); *Bolling v. PP&G*, 2015 WL 9255330 at \*7 (D. Md. 2015) (finding the plaintiff adequately alleged a violation of 26 U.S.C. § 7434 where the plaintiff identified the "who" (defendant), "what" (false form W-2), "when" (every year of employment), <u>"why" (to gain an unfair competitive advantage)</u>, and "how" (underreporting the plaintiffs' income)); *Kinne v. IMED Health Products*, No. 18-62183, 2019 WL 2866787, at \*3 (S.D. Fla. July 3, 2019) (finding the plaintiff adequately stated a claim for a violation of 26 U.S.C. § 7434 <u>where the plaintiff contended that defendants did so to avoid paying taxes</u>).

Plaintiffs' reliance on *Soliman v. Sobe Miami, LLC*, 312 F. Supp. 3d 1344 (11th Cir. 2018) is misplaced. *Soliman v. Sobe Miami, LLC* does not stand for proposition that a plaintiff is not required to plead the "why," but rather assessed on summary judgment whether a dispute of fact existed as to whether defendant willfully issued a fraudulent W-2. *Soliman v. Sobe Miami, LLC*, at \*1356 – 57. <u>Importantly, the parties did not dispute the issue of willfulness</u>. *See id*. at n. 9. The Court noted that "[w]illfullness requires more than knowledge. To prove willfulness [sic], the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, <u>specifically intended to flout the statute</u>." *Id*. And because the parties did not raise or brief the issues, the Court did not address them. *Id*. Thus, *Soliman v. Sobe Miami* is inapposite because it does not address the issue of pleading the "why" in the complaint, that is, a defendant's specific intent to flout the statute.

Likewise, *Celeski v. Tom Brown's Rest. at Madison LLC*, 2025 WL 2741829 (N.D. Ala. 2025) is irrelevant as to the pleading standard for bringing a claim under § 7437. The *Celeski* court, in ruling on the plaintiffs' motion to certify a class under Fed. R. Civ. P. 23, analyzed whether the plaintiffs established standing and ascertainably and the enumerated prerequisites of Rule 23(a), such as numerosity, commonality, typically, and adequacy. *Celeski v. Tom Brown's Rest. at*

3

*Madison LLC*, at \*3. Significantly, the *Celeski* court, in "understanding of [p]laintiffs' § 7434 claim," cited to *Chen v. Wow Rest. TH, LLC*, No. 8:23-CV-1602-VMC-UAM, 2024 WL 1994263, at \*2 (M.D. Fla. May 6, 2024), which stated that: "Rule 9(b)'s heightened pleading standard applies to [Plaintiffs'] tax-fraud claim [under Section 7434(a)]." *Chen v. Wow Rest. TH, LLC*, No. 8:23-CV-1602-VMC-UAM, 2024 WL 1994263, at \*5 (M.D. Fla. May 6, 2024) (quoting *Vandenheede v. Vecchio*, 541 F. App'x 577, 579 (6th Cir. 2013) (emphasis added)). Moreover, the Chen court noted that "[p]laintiffs have sufficiently pled all elements of their claim… by outlining the false information returns at issue, the years in which they were issued, how the returns were incorrect, and why Defendants issued the false returns." *See id*. (emphasis added). The plaintiffs in *Chen* specifically pled that the defendants "abused the corporate form fraudulently to deceive government and private creditors into giving [the defendant] money by falsely representing on information returns filed with the IRS that it paid employees…" *Id*. (citing *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017) ("To prove willfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute.") (emphasis added).

Plaintiffs must assert specific factual allegations demonstrating "why" Bistro Café allegedly filed false information returns. Merely alleging that Bistro Café knew the information was false or that Bisto Café knowingly and willfully submitted false returns does not answer the necessary "why." Plaintiffs must include specific facts to meet Rule 9(b)'s heightened pleading standard. "Bare assertions that Defendants 'knew' the returns to be false, or that Plaintiff requested that Defendants pay him as an employee—without specific facts as to the who, what, when, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud."

*Leon v. Tapas & Tintos, Inc.*, 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014). Accordingly, Count I should be dismissed.

### B. Ortiz is not the "other person" who can bring a claim under Section 7434.

The Eleventh Circuit has clearly explained that only "the person" to whom the allegedly fraudulent information return purports that payments were made to can bring a claim under Section 7434. *See Baker v. Batmasian*, 730 Fed. Appx. 776, 779-80 (11th Cir. 2018). Plaintiff Ortiz provides no case law or judicial authority to the contrary or that supports his mystifying argument that the use of the word "purported" expands the scope of Section 7434 to Plaintiff Ortiz.

Section 7434 is unambiguous on the issue of who may bring a civil action for damages; it is the "other person" to whom payments were purportedly made according to the fraudulent information return. *See Baker* at 779. In *Baker*, the allegedly fraudulent information return purports that payments were made to "Yawkey." *See id*. Nothing in the return indicated that payments were made to the plaintiff. *Id*. However, the plaintiff filed suit alleging that his returns "underreported the amount he was paid." *See id*. at 778. The Eleventh Circuit rejected the plaintiff's argument, finding that the plaintiff's theory would require a re-write of the statute, and that if anyone is authorized to bring a claim, it is "Yawkey." *See id*. at 780.  Likewise, here, Ortiz alleges his taxable income was "understated," because Blanco and "others" allegedly paid a portion of the tips to bussers and food runners, like Ortiz. Am. Compl. at ¶¶ 20, 22, 23(b). That is, Ortiz is alleging that payments of tips to him were reflected in Blanco's and other servers' tax returns. Thus, Ortiz does not allege that payments were "purported to be made to" him, but rather Ortiz alleges that payments made to him were omitted from his return.

Accordingly, Ortiz is not the "other person" under Section 7434, and his claim should be dismissed. *See Pacheco v. Chickpea at 14th Street, Inc.*, 2019 WL 2292641, at *4 (S.D. NY 2019)

("Certainly, [plaintiff] alleges he was omitted from the number of employees reported by defendants, and that payments made to him were omitted from the payments reported by the defendant…. He also alleges that the form is false because of this omission. But the statute does not address omissions. It addresses situations where there is a falsehood made to the IRS with respect to payments made to the plaintiff bringing the action. Form 941 does not list [plaintiff] and thus obviously says nothing 'with respect to payments purported to be made to' him".).

### C.  Ortiz does not allege proof of an injury-in-fact under Section 7434.

Ortiz asserts in his Response that the underreporting of his income resulted in the following form of concrete harm: (a) potential IRS liability, (b) loss of social security and Medicare credits, (c) inability to accurately document income for loans, (d) cost of retaining professional assistance to correct tax documents. The problem with this argument is that the none of these are "concrete harm" alleged in the Amended Complaint. Ortiz attempts to distinguish Defendants' reliance on *Aquino v. Mobis Alabama, LLC*, 739 F. Supp.3d 1152 (N.D. Ga. May 28, 2024) by stating that the plaintiffs in *Aquino* "failed to allege any concrete harm beyond the mere fact of underreporting" where "in contrast" Ortiz "alleged specific harms flowing from the underreporting, including lost Social Security/Medicare credits and potential IRS liability." However, this argument is unavailing because none of the alleged concrete harm asserted in Ortiz's Response is alleged in the Amended Complaint. Regardless, Ortiz must establish injury that is concrete, particularized, and actual or imminent, which is not conjectural or hypothetical, which he has failed to plead. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). Accordingly, Ortiz lacks standing to assert a claim under Section 7434.

6

### D. Blanco does not allege a tip violation under the FLSA.

Plaintiff Blanco's pleading deficiencies extend far beyond mere "ambiguities." Blanco fails to set forth any allegation demonstrating that he was paid below the federal minimum wage or that Defendants took a tip credit. Blanco cannot rely on allegations asserted under Count V to support his claim under Count II, when those allegations are not incorporated under Count II.

Blanco's reliance on *Wajcman v. Investment Corp. of Palm Beach*, 620 F.Supp.2d 1353 (S.D. Fla. 2009) is misleading. *Wajcman v. Investment Corp. of Palm Beach* does not stand for the proposition that ambiguities surrounding a complaint's pleading of FLSA tip violations should be ignored. Rather, in *Wajcman v. Investment Corp. of Palm Beach*, a jury concluded that the employer operated an illegal tip pool because cardroom floor supervisors should not have been included in the tip pool because they did not have significant interaction with customers and did not normally receive tips. *See id*. at 1355. In determining whether an objectively reasonable basis existed for including the cardroom supervisors to determine the issue of liquidated damages, the Court noted that "the language of the FLSA specifically states that only an employee who 'customarily and regularly' receives tips can participate in a mandatory tip pool." *See id*. at 1360.

Accordingly, this case is inapplicable and does not absolve Blanco from pleading facts demonstrating the *amount* he was paid by Defendants or any allegation as to whether Defendants took a tip credit under the FLSA. Blanco only alleges that Defendants "forced" him to share his tips with the kitchen staff. Am. Compl. at ¶ 67. This allegation is not enough to demonstrate that Blanco was paid below the federal minimum wage or that Defendants took a tip credit under the FLSA. He cannot rely on allegations asserted under an entirely different count which Count II does not incorporate.  Accordingly, Count II of the Amended Complaint should be dismissed.

**E. Blanco has not properly alleged willfulness to invoke a three-year statute of limitations.**

Blanco has not met his burden of plausibly alleging that Defendants either knew its conduct violated the law or acted in reckless disregard of its legal obligation. *See Morgans v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008).  First, Blanco's argument that Count III "may be timely depending on the precise dates of the alleged violations" should be ignored. Blanco provides no legal authority for the proposition that, despite the factual content apparent from the face of the Amended Complaint demonstrating dates outside of the two-year statute of limitations, his minimum wage claim should survive simply because discovery could reveal otherwise. Blanco attempts to cite *Fernandez v. Great Havana, Inc.*, 2023 WL 4014800 (S.D. Fla. 2023) for this proposition, but the *Fernandez* Court only determined that willfulness could be established through discovery, <u>when a plaintiff has sufficiently alleged willfulness in the complaint</u>. *See id*. at *4. Thus, *Fernandez* does not stand for the proposition that a time-barred claim, that is apparent on the face of the complaint, could survive simply because discovery could reveal otherwise.

Moreover, *Fernandez v. Great Havana, Inc.* is entirely distinguishable from this case because, as noted in *Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *5 (S.D. Fla. 2024), the complaint must adequately allege willfulness for a court to allow discovery before resolving the merits of willfulness. *See Rovira v. Trattoria Romana, Inc.*, 2024 WL 693063, at *5 (S.D. Fla. 2024) (Plaintiff relies on Judge Reid's decision in *Fernandez v. Grand Havana, Inc*., 2023 WL 4014800 (S.D. Fla. April 4, 2023) for the proposition that willfulness should be decided later. Plaintiff ignores that Judge Reid conducted the *Iqbal/Twombly* analysis.). Thus, Blanco must plausibly plead willfulness, which he has failed to do.

The Amended Complaint contains no facts suggesting that Defendnats knew its conduct violated the law or acted in reckless disregard of its legal obligation. Blanco's assertion that

8

Defendants "knowing, intentionally, recklessly failed to investigate…" and "willfully and intentionally refused to pay Plaintiff Blanco…" is entirely conclusory and the precise threadbare allegations that courts routinely reject. As held in *Rovira v. Trattoria Romana, Inc.*, such generalized assertions do not support a plausible inference of willfulness absent concrete facts showing knowledge of illegality or reckless disregard. *See id.* Moreover, despite Blanco's assertion, the Amended Complaint does not contain any factual allegation asserting that Defendants had knowledge through "mandatory tip-outs through WhatsApp and Zelle, monitoring of compliance, threats of retaliation, and awareness that servers were being paid below minimum wage while sharing tips with non-eligible employees." Regardless, such allegations (despite not being in the Amended Complaint) are insufficient to plausibly allege willfulness[2].

Blanco must allege facts from which the Court could infer that Defendants' alleged conduct was "willful." *See Jimenez v. Cruz & Cruz, Inc.*, 2024 WL 4555937, at * 2 – 3 (S.D. Fla. 2024) (finding that allegations that (1) defendant knew or should have known the requirements of the FLSA and (2) willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance of the FLSA were bare bone allegations of willfulness, with no factual support). Accordingly, Blanco's generalized and barebone allegations are insufficient to plausibly allege willfulness and Count III should be dismissed as time-barred under the FLSA's two-year statute of limitations.

---

[2] Blanco appears to attempt to rely on *Hernandez v. Stingray Grp. Inc.*, 2025 WL 1047138 (S.D. Fla. 2025), however, this case only pertains to equitable tolling and did not analyze the pleading of willfulness under the FLSA.

**F. Blanco fails to plausibly allege facts showing that he was inadequately compensated overtime wages under the FLSA.**

Blanco relies on an unpublished opinion that was decided before *Iqbal* for the proposition that a lack of specificity regarding exact dates is appropriate at the pleading stage. Moreover, Blanco's reliance on *Prather v. Wal-Mart Associates, Inc.*, 2024 WL 5339442 (N.D. Ga. 2024) confirms that Counts IV is insufficiently pled. In contrast to Blanco, the plaintiff in *Prather v. Wal-Mart Associates, Inc.*, provided three specific examples of discrete workweeks – with specific date ranges. *See id*. at *2. This is entirely distinguishable from this case where Blanco fails to provide any date ranges whatsoever and where the only factual allegation asserted by Blanco is that he "regularly and routinely worked over 40 hours in one or more workweeks…" and "Defendants did not pay Plaintiff Blanco overtime wages…." Accordingly, Blanco fails to allege any facts showing a just and reasonable inference of the amount and extent of his work to demonstrate that he was not paid overtime and Court IV should be dismissed.

WHEREFORE, Defendants JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano respectfully request that this Court enter an Order dismissing Counts I – IV of the Amended Complaint and grant such other relief this Court deems just and proper.

Dated: April 6, 2026

Respectfully submitted,

*/s/ Holly Griffin Goodman*
HOLLY GRIFFIN GOODMAN
Florida Bar No. 93213
Email: hgoodman@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Fax: (561) 655-5677
*Attorney for Defendant*