UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

     Plaintiffs,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

     Defendants.

_____/

## SECOND AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, sue Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, as follows:

### *Overview*

1.     Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, bring a claim pursuant to 26 U.S.C. § 7434 of the Internal Revenue Code and state law against Defendant, JCRB Inc. d/b/a Bistro Café, for themselves and others similarly situated, to represent a class of similarly situated employees who are or were employed at Bistro Café within the last five years under Fed. R. Civ. P. 23 ("IRC Class"), to recover the greater of statutory or actual damages for each fraudulent information return filed or submitted.

2.     Plaintiff, Cristian Camilo Blanco Acosta, on behalf of himself and all others similarly situated, also pursues claims against the Defendants for violating the FLSA's minimum wage and overtime pay requirements and its prohibition against tipped employees sharing their

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

tips with traditionally non-tipped employees, as a collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective").

3.     Plaintiff, Cristian Camilo Blanco Acosta, also brings a claim for himself and other similarly situated servers who are or were employed at Bistro Café within the last five years, pursuant to the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Article X, Section 24 of the Florida Constitution, against Defendants pursuant to Fed. R. Civ. P. 23 ("FMWA Class"), to recover unpaid Florida minimum wages resulting from Defendants' unlawful tip-credit practices, and an additional equal amount as liquidated damages.

### *Parties, Jurisdiction, and Venue*

4.     **Plaintiff, Cristian Camilo Blanco Acosta ("Blanco")**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material

5.     Plaintiff Blanco was employed by Defendants as a server at their restaurant, known as Bistro Café, from 2022 through November 7, 2024.

6.     **Plaintiff, Sergio Ardila Ortiz ("Ortiz")**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material

7.     Plaintiff Ortiz was employed by Defendants as a busser/food runner at their restaurant, known as Bistro Café, from March 2024 through November 2024.

8.     **Defendant, JCRB Inc. ("JCRB")**, is a *sui juris* Florida for-profit company that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

9.     **Defendant, JCRB**, operated its restaurant business under the fictitious name "**Bistro Café**."

10.     **Defendant, Jan Karlo Ruiz Ortiz**, was an owner/officer/director/manager of

Bistro Café during the time relevant to this lawsuit. Defendant, Jan Karlo Ruiz Ortiz, ran JCRB's day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiffs' wages and the wages of similarly situated employees.

11.     **Defendant, Tamara Perez Feliciano**, was also an owner/officer/director/manager of Bistro Café for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages and the wages of similarly situated employees.

12.     This Court has original jurisdiction over Plaintiffs' federal question claims pursuant to 28 U.S.C. § 1331, 26 U.S.C. § 7434, and 26 U.S.C. § 201, and pendent/supplemental jurisdiction over his related claims brought under Florida state law.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transact business in this District, their restaurant is located in this District, because all payments were due in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

14.     Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiffs.

15.     Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – VIOLATION(S) OF 26 U.S.C. § 7434
**(Class Action By Plaintiffs Against Defendant, JCRB Inc., Only)**

Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, for themselves and all others similarly situated, reincorporate and re-allege paragraphs 1, 4 through 9, and 12 through 15 as though set forth fully herein, and further alleges as follows:

16.     Plaintiffs bring this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for themselves and the IRC Class, comprised of others similarly situated who were employed at Bistro Café within the past five years and for whom JCRB willfully filed one or more false or fraudulent information returns with respect to payments to them by:

   a. exaggerating or overstating the income reportedly earned by and paid to its servers; and

   b. underreporting the income earned by and paid to its non-server employees.

17.     Plaintiffs and IRC Class members were all subjected to JCRB's unlawful filing of fraudulent information returns with the IRS on their behalf.

18.     JCRB allowed its customers to leave a discretionary gratuity (tip) for its front-of-house employees, and most of its customers left those tips by credit card.

19.     JCRB's practice was to process and collect all credit card tips that its customers left for each server and to then distribute/pay the tips to the server through payroll.

20.     After Plaintiff and the other servers received the credit card tips through payroll, JCRB required Plaintiff and its other servers to then pay a portion of those tips to other employees, including bartenders, bussers, food runners, baristas, and kitchen staff.

21.     JCRB knows of and is responsible for:

   a. The payment of wages and tips to the Plaintiffs and IRC Class members; and

   b. The accurate reporting of all income paid as wages and tips that Plaintiffs and all members of the IRC Class received on each "information return" during each calendar year; and

   c. The information returns it issued and filed based on its payroll records for its employees.

22.     As a result of JCRB's distributing credit card tips to servers through payroll and the requirement that its servers pay a portion of the tips received through payroll to bartenders,

bussers, food runners, baristas, and kitchen staff, JCRB knew that the information contained in the information returns it provided for its employees was false, fraudulent, and inaccurate.

23. Taxable income attributable to the Plaintiffs and the IRC Class was false and inaccurate because it:

a. Overstated the taxable income its servers received by including as taxable income the tips it required Plaintiff Blanco and its other servers to pay to the bartenders, bussers, food runners, baristas, and kitchen staff; and

b. Understated the income its bartenders, bussers, food runners, baristas, and kitchen staff received by failing to include as taxable income the tips it required its servers to pay to the bartenders, bussers, food runners, baristas, and kitchen staff.

24. JCRB had an obligation to provide correct information returns to the IRS, to the Plaintiffs, and to the IRC Class members.

25. JCRB was responsible for submitting accurate wage statements of their employees' earnings to the IRS, including quarterly Form 941, and Forms W-2, W-3, and 8027 annually with respect to Plaintiff and each IRC Class member.

26. However, JCRB still knowingly and willfully filed and submitted each of these fraudulent information forms (for Plaintiffs and the IRC Class) with the IRS in violation of 26 U.S.C. §7434.

27. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages**
In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

28. Each 941, Form 8027, W-2, and W-3 form filed and submitted by JCRB constitutes a separate "information return" within the meaning of 26 U.S.C. §§ 7434 and 6724(d)(1)(A).

29. The filing of each separate informational return containing false and fraudulent information made by JCRB to the IRS concerning Plaintiffs' and the IRC Class members' earnings constitutes a separate occurrence per employee for purposes of liability under 26 U.S.C. § 7434.

30. Plaintiffs and the IRC Class members suffered damages resulting from JCRB's willful provision of false/fraudulent information and its failure to accurately report the wages earned by Plaintiffs and the IRC Class members.

31. **Typicality**. Plaintiffs are members of the IRC Class in that they seek to represent, and their claims are typical of, the claims of the IRC Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the IRC Class.

32. Plaintiffs' claims are typical of those of the IRC Class members, each of whom worked for JCRB and received tips as part of the income earned through their employment. JCRB filed and submitted quarterly IRS Form 941s identifying the wages reportedly earned by and paid to Plaintiffs and the IRC Class members and, upon information and belief, falsely represented the income each received. JCRB, on behalf of each and every IRC Class member, filed annual 8027, W-2, and W-3 forms concerning Plaintiffs and the IRC Class members, which, upon further information and belief, misrepresented the income each received.

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm

33. **Adequacy**. Plaintiffs will fairly and adequately represent and protect the interests of the IRC Class and have retained counsel competent and experienced in class actions, claims involving 26 U.S.C. § 7434, and multi-party wage and hour litigation. The combined interests, experience, and resources of Plaintiffs and their counsel to litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

34. **Common questions of law and fact** exist as to Plaintiffs and the IRC Class members, and predominate over any questions affecting only individual members of the IRC Class. Those common questions include, but are not limited to, the following:

a. Whether JCRB filed or submitted false or fraudulent information returns to the IRS concerning Plaintiffs and the IRC Class members;

b. Whether Bistro Café's violations of the Internal Revenue Code, as identified above, were systematic, knowingly, willful, and/or repeated;

Server Sub-Class

c. Whether JCRB knowingly or intentionally inflated the taxable income attributable to Plaintiff Blanco and its other servers in the IRC Class by including the tips each received through payroll in the information returns, even though they were required to pay (and did pay) a portion of those tips to other employees of JCRB;

d. Whether JCRB distributed all the credit card tips it received to each server through payroll;

e. Whether JCRB required its servers to pay a portion of the credit card tips received through payroll to its other employees;

f. Whether JCRB issued information returns that included the tips that Plaintiff Blanco and its other servers in the IRC Class paid to others;

g. Whether Plaintiff Blanco and the servers in the IRC Class suffered increased tax liability on account of JCRB's filing of false information returns;

h. Whether the information returns JCRB issued to Plaintiff Blanco and the other members of the IRC Class who worked as servers were false and/or fraudulent;

Non-Server Sub-Class

7

i. Whether JCRB knowingly or intentionally under-reported the taxable income attributable to its non-server employees, including its bussers, food runners, bartenders, baristas, and traditionally non-tipped employees, such as kitchen staff, by not including the tips each received from the servers working at JCRB as taxable income in the information returns it prepared, issued, and filed for them;

j. Whether JCRB distributed credit card tips it received to each server through payroll;

k. Whether JCRB required its servers to pay a portion of the credit card tips received through payroll to its non-server employees, including its bussers, food runners, bartenders, baristas, and traditionally non-tipped employees, such as kitchen staff;

l. Whether JCRB issued information returns that did not include the tips that Plaintiff Blanco and its other servers paid to Plaintiff Ardila and its non-server employees, including its bussers, food runners, bartenders, baristas, and traditionally non-tipped employees, such as kitchen staff;

m. Whether Plaintiff Blanco and the servers in the IRC Class suffered increased tax liability on account of Bistro Café's filing of false information returns;

n. Whether JCRB issued information returns that did not include the tips received by other members of the IRC Class who did not work as servers, including its bussers, food runners, bartenders, baristas, and traditionally non-tipped employees, such as kitchen staff;

o. Whether the information returns JCRB issued to Plaintiff Ardila and the others who did not work as servers, including its bussers, food runners, bartenders, baristas, and traditionally non-tipped employees, such as kitchen staff, were false and/or fraudulent;

35. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

36. Plaintiffs' interests are coextensive with those of the IRC Class that they seek to represent in this case.

37. Plaintiffs are willing and able to represent the IRC Class fairly and vigorously.

38. JCRB acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief under Fed. R. Civ. P. 23(b)(2) appropriate with respect to the IRC Class as a whole.

39.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the IRC Class members in this Count I.

40.     The clarity of the common issues and class size both indicate that manageability should not be an issue negating class certification.

41.     The cost of proving JCRB's violations of 26 U.S.C. § 7434 and the supporting Federal Regulations, and the relatively small individual claims, make it impracticable for the IRC Class members to pursue their claims individually.

42.     Maintaining a class action under these facts promotes judicial economy by consolidating a large group of potential plaintiffs with identical claims. The claims of the IRC Class members interrelate such that the interests of the members will be fairly and adequately protected by the named Plaintiffs.

43.     Additionally, the questions of law and fact common to the IRC Class arise from the same course of events and each class member will make similar legal and factual arguments to prove JCRB's liability.

44.     **Numerosity**. The IRC Class is so numerous that joinder of all members is impracticable. While the exact number of the IRC Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least approximately sixty (60) other similarly situated persons who were/are employed by JCRB as employees, who received tips as income, whether directly from JCRB or indirectly through servers, and on whose behalf JCRB filed false and/or fraudulent information returns with the IRS during the last five years.

45.     Plaintiffs are currently unaware of the names, addresses, and email addresses of all the members of the IRC Class. Accordingly, JCRB should be required to provide Plaintiffs with a list of all persons employed by JCRB who received tips as income, whether directly or indirectly,

9

and on whose behalf it filed (false/fraudulent) information returns during the last five years, along with their last known addresses, telephone numbers, and e-mail addresses, so Plaintiffs can give the IRC Class notice of this action and an opportunity to make an informed decision about whether to participate.

46.     **Predominance**: The common issues of law and fact predominate over any individual issues. Each class member's claim is controlled by the same issues (or subset of issues) and set of facts, based on JCRB's fraudulent filing of false information returns with the IRS. The damages of each member of the IRC Class are eminently certifiable. Even in the absence of any actual damages sustained or demonstrated by a class member, each class member is entitled to a minimum of Five Thousand Dollars ($5,000.00) in statutory damages per occurrence or the actual damages sustained per occurrence, whichever is greater. 26 U.S.C. §7434 (b)(1)-(3).

47.     This action is maintainable as a class action. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications for individual members. This would establish incompatible standards of conduct for Bistro Café.

48.     For each year JCRB employed Plaintiffs and the IRC Class members, it filed false 8027, W-2, W-3, and 941 forms with the IRS regarding their employment income that (a) over-reported the amount actually paid to Plaintiff Blanco and the servers in the IRC Class and the amount actually owed to the IRS; and (b) under-reported the amount actually paid to Plaintiff Ardila and the non-server members of the IRC Class who received tips from servers and the amount actually owed to the IRS.

49.     Accordingly, the Court should certify the proposed class (including the two sub-classes) pursuant to FRCP 23(b)(2) and 23(b)(3).

50.     Plaintiffs and the IRC Class members seek the assemblage of a Class to permit them to recover the greater of $5,000 for each false/fraudulent information return or the actual damages each sustained as a proximate result of the filing of each fraudulent information (including all costs related thereto), plus all attorney's fees and costs incurred.

WHEREFORE Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, demand the entry of a judgment in their favor and against Defendant, JCRB Inc. d/b/a Bistro Café, after trial by jury and as follows:

a.     Certifying this action (Count I) as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for those who are or were employed by Bistro Café during the five years immediately preceding the filing of this suit, including (i) one sub-class for the servers who received and then paid tips to others, and (ii) one sub-class for non-servers who received tips from servers;

b.     Designating the named Plaintiffs as the representatives of the IRC Class and Plaintiffs' counsel as class counsel.

c.     Awarding Plaintiffs and each IRC Class member the greater of $5,000 or the actual damages suffered for each fraudulent information return filed/served by Bistro Café for each calendar year at issue, as set forth above;

d.     Awarding Plaintiffs and the IRC Class and their counsel reasonable attorney's fees, costs, and expenses pursuant to 26 U.S.C. § 7434;

e.     Awarding Plaintiffs and the IRC Class all interest allowed by law; and

f.     Awarding such other and further relief as the Court deems just and proper

### COUNT II – FLSA TIP VIOLATION(S)
**(Plaintiff Blanco's Collective Action Claim Against All Defendants)**

Plaintiff, Cristian Camilo Blanco Acosta, for himself and others similarly situated, reincorporates and re-alleges paragraphs 2, 4, 5, and 8 through 15 as though set forth fully herein, and further alleges as follows:

### *FLSA Jurisdictional Allegations*

51.     Plaintiff Blanco consents to participate in this lawsuit.

52.     Plaintiff Blanco was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

53.     Plaintiff Blanco was a non-exempt employee of the Defendants.

54.     Plaintiff Blanco's job duties and the job duties of others similarly situated who worked and who work for Defendants included taking food and drink orders from patrons, entering those orders into the point-of-sale system, providing customer service, delivering food and drink orders to patrons, taking and/or processing payment for the food and drinks served to patrons, and performing side work.

55.     To the extent that records exist regarding the exact dates of Plaintiff Blanco's employment and the employment of others similarly situated, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

56.     Plaintiff Blanco and others similarly situated regularly and routinely served food and drinks, including alcoholic beverages, and provided/served condiments that moved through interstate commerce, while also taking and/or processing electronic (credit/debit card, Google/Apple Pay) payment transactions using devices that traveled in interstate commerce and that regularly and recurrently exchanged communications outside of the State of Florida through online transactions.

57.     Defendants were the direct employers, joint employers, and co-employers of Plaintiff Blanco and the others similarly situated for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

58.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of

interstate commerce, thus making Defendants' restaurant business an enterprise covered by and subject to the requirements imposed by the FLSA.

59.    Defendants' restaurant was, at all material times, an enterprise engaged in interstate commerce in their marketing, preparation, cooking, service, and sale of foodstuffs, produce, seafood (shrimp and salmon), beverages, coffees, teas, alcoholic beverages, and other products that moved through interstate commerce.

60.    Defendants' restaurant cooked, prepared, and stored perishables and beverages using machinery, appliances, refrigeration, goods, and materials that also moved through interstate commerce.

61.    Furthermore, Defendants' restaurant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

62.    Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

63.    Defendants also engage in e-commerce through relationships with DoorDash, Postmates, and Uber Eats, which involve the regular and recurrent exchange of electronic information and payment through interstate communications.

64.    Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the

preceding three years.

### *FLSA Collective Action Allegations*

65.     Plaintiff Blanco brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated current and former employees who worked for Defendants at Bistro Café as servers at any time within the three years preceding the filing of this action and who were required to share their tips with traditionally non-tipped employees ("FLSA Tip Violation Collective").

66.     Plaintiff Blanco and the FLSA Tip Violation Collective members are similarly situated because they were all subjected to Defendants' uniform policy and practice of requiring tipped employees to share their tips with kitchen staff and other traditionally non-tipped employees in violation of 29 U.S.C. § 203(m)(2)(B).

67.     The basic job duties of the FLSA Tip Violation Collective members were the same as or substantially similar to those of Plaintiff Blanco, and the FLSA Tip Violation Collective members were subject to the same unlawful tip-sharing policy.

68.     Plaintiff Blanco is similarly situated to the other members of the FLSA Tip Violation Collective, all of whom were harmed by Defendants' common plan and policy of requiring tipped servers to remit a portion of their tips to traditionally non-tipped workers. Defendants were fully aware of this practice, instructing Plaintiff Blanco and its other tipped servers to share their tips with non-tipped employees, making Defendants' violations willful, repeated, knowing, and intentional.

69.     The names and addresses of the FLSA Tip Violation Collective members are available from Defendants' records. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

Coral Gables, Florida | Detroit, Michigan
**FairLaw Firm**

70. Upon information and belief, there are at least approximately fifty (50) similarly situated current and former tipped servers who were employed by Defendants within the last three years and who were subjected to the same unlawful tip-sharing policy, making the FLSA Tip Violation Collective sufficiently numerous that joinder of all members as individual plaintiffs is impracticable.

71. Certification of the FLSA Tip Violation Collective claims as a collective action and issuance of Court-supervised notice is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff Blanco, the FLSA Tip Violation Collective, and Defendants. Without collective certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

### *FLSA Tip Violation(s) and Damages*

72. The FLSA was amended in 2018 at 29 U.S.C. § 203(m)(2)(B) to confirm that employers may (a) not keep any portion of the tips and/or overtips earned by their employees for any reason − even when employers pay their employees more than the minimum wage − and (b) may not distribute tips to managers or supervisors:

> **An employer may not keep tips received by its employees for any purposes**, **including allowing managers or supervisors** to keep any portion of employees' tips, **regardless of whether or not the employer takes a tip credit**.

73. Each employer that violates 29 U.S.C. § 203(m)(2)(B) on either an individual or collective basis violates the FLSA:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or

15

State court of competent jurisdiction by any one or more employees for and in behalf of himself or himself and other employees similarly situated

29 U.S.C. §216(b).

74.     Defendants violated the FLSA's prohibition against requiring employees to share their tips with traditionally non-tipped workers at 29 U.S.C. § 203(m)(2)(B) by forcing Plaintiff Blanco and the FLSA Tip Violation Collective members to share their tips with the kitchen staff, who are "traditionally non-tipped employees."

75.     As a direct and proximate result of Defendants' violation of 29 U.S.C. § 203(m)(2)(B), Plaintiff Blanco and the FLSA Tip Violation Collective members suffered damages.

76.     Defendants either knowingly, intentionally, or recklessly failed to investigate whether their requirement for Plaintiff Blanco and the FLSA Tip Violation Collective members to share a portion of the tips he received with traditionally non-tipped employees (including those working in the kitchen) violated the FLSA.

77.     Plaintiff Blanco and the FLSA Tip Violation Collective members are entitled to recover from Defendants, jointly and severally, all tips they required that he distribute to traditionally non-tipped employees during the last three years, plus an equal amount of liquidated damages, plus his attorney's fees and costs.

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, on behalf of himself and all others similarly situated, demands the entry of a judgment in their favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally after trial by jury and as follows:

　　　　a.     Conditionally certifying this Count II to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and ordering the issuance of Court-supervised notice to all current and former tipped servers who were employed by Defendants at any time during the three years immediately

16

preceding the filing of this action, informing them of this lawsuit and of their right to opt into this action;

b.  Designating Plaintiff Blanco as representative of the FLSA Tip Violation Collective and Plaintiffs' counsel as collective counsel;

c.  Directing that Plaintiff Blanco and the FLSA Tip Violation Collective members recover the tips each earned and was not permitted to keep and/or was required to share with traditionally non-tipped employees

d.  Entitling Plaintiff Blanco and the FLSA Tip Violation Collective members to recover and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

e.  Awarding Plaintiff Blanco and the FLSA Tip Violation Collective members recover pre-judgment interest on all tips he was required to share with traditionally non-tipped employees if the Court does not award liquidated damages;

f.  Awarding Plaintiff Blanco and the FLSA Tip Violation Collective members recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

g.  Awarding Plaintiff Blanco and the FLSA Tip Violation Collective members recover all interest allowed by law;

h.  Directing Defendants be Ordered to make Plaintiff and the FLSA Tip Violation Collective members whole by awarding him receive the tips he earned but was not permitted to keep and other benefits wrongly denied in an amount to be shown at trial, and other affirmative relief; and

i.  Awarding such other and further relief as the Court deems just and proper.

## COUNT III – FLSA MINIMUM WAGE VIOLATION(S)
### (Plaintiff Blanco Against All Defendants)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and paragraphs 2, 4, 5, 8 through 15, and 51 through 64 as though set forth fully herein, and further alleges as follows:

78.  The FLSA required the Defendants to pay Plaintiff Blanco at least the federal minimum wage of $7.25 for each hour worked.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

79.     Defendants failed to pay Plaintiff Blanco the applicable federal minimum wage of $7.25 per hour for each of the hours/remaining hours that he worked from approximately August 22, 2022, to November 1, 2023.

80.     As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff Blanco was damaged and entitled to receive the applicable federal minimum wage (or remainder of the federal minimum wage) for all unpaid/underpaid hours worked.

81.     Defendants willfully and intentionally refused to pay Plaintiff Blanco at least the applicable federal minimum wage for each hour (or part thereof) worked during the relevant time period.

82.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff Blanco at least the applicable federal minimum wage for the hours worked during the last three years (through approximately November 1, 2023), violated the FLSA, knew from being sued for violating the FLSA in the past, intentionally misled Plaintiff Blanco into believing they were not required to pay him the minimum wages required by federal law, and/or devised a scheme that deprived Plaintiff Blanco of the minimum wage pay earned during the last three years (through approximately November 1, 2023).

83.     Plaintiff Blanco is entitled to recover from the Defendants, jointly and severally, the federal minimum wages earned but not timely paid during the last three years, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

84.     Plaintiff Blanco is entitled to a back pay award of minimum wages under the FLSA for all unpaid hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

18

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, demands the entry of a judgment in his favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally, after trial by jury as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

## COUNT IV − FLSA OVERTIME WAGE VIOLATION(S)
### (Plaintiff Blanco's Collective Action Claim Against All Defendants)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and paragraphs 2, 4, 5, 8 through 15, and 51 through 64 as though set forth fully herein, and further alleges as follows:

85. Plaintiff Blanco also brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated current and former non-exempt employees who were employed by Defendants at Bistro Café at any time within the three years preceding the filing of this action and who were not paid overtime wages at one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek ("FLSA Overtime Collective").

86. Plaintiff Blanco and the FLSA Overtime Collective members are similarly situated because they were all subjected to Defendants' common policy and practice of failing to pay non-

19

exempt employees the overtime wages required by the FLSA, including by paying tipped employees a sub-minimum cash wage even for overtime hours worked.

87. Plaintiff Blanco and the FLSA Overtime Collective members regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

88. The FLSA required the Defendants to pay Plaintiff Blanco and the FLSA Overtime Collective members, as non-exempt employees, overtime wages calculated at one and one-half times his regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked beyond 40 in a workweek.

89. Defendants did not pay Plaintiff Blanco and the FLSA Overtime Collective members overtime wages calculated at one and a half times their regular hourly rate (of at least the applicable Florida minimum wage) for all the hours he worked beyond 40 in each workweek, thereby violating the FLSA.

90. Plaintiff Blanco and the FLSA Overtime Collective members suffered damages because Defendants did not pay them all the overtime wages they earned during the time relevant to this lawsuit.

91. Defendants willfully and intentionally refused to pay Plaintiff Blanco and the FLSA Overtime Collective members wages at one and one-half times their regular hourly rate (of at least the applicable Florida minimum wage) for each hour of overtime (or part thereof) worked during the relevant time period.

92. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff Blanco and the FLSA Overtime Collective members time and one-half overtime wages (of at least the applicable Florida minimum wage) for the overtime hours worked during the relevant time violated the FLSA, knew from being sued for violating the FLSA in the past, intentionally misled

Plaintiff Blanco and the FLSA Overtime Collective members into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff Blanco and the FLSA Overtime Collective members of the overtime pay earned.

93.     Plaintiff Blanco and the FLSA Overtime Collective members are entitled to recover from the Defendants, jointly and severally, all overtime wages earned but not timely paid during the last three years, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, on behalf of himself and all others similarly situated, demands the entry of a judgment in their favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally, after trial by jury and as follows:

a.   Conditionally certifying this action as a collective action pursuant to 29 U.S.C. § 216(b) and ordering the issuance of Court-supervised notice to all current and former non-exempt employees who were employed by Defendants at any time during the three years immediately preceding the filing of this action, informing them of this lawsuit and of their right to opt into this action;

b.   Designating Plaintiff Blanco as representative of the FLSA Overtime Collective and Plaintiffs' counsel as collective counsel;

c.   Directing that Plaintiff Blanco and the FLSA Overtime Collective members recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

d.   Awarding Plaintiff Blanco and the FLSA Overtime Collective members pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

e.   Awarding Plaintiff Blanco and the FLSA Overtime Collective members reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

f.   Awarding Plaintiff Blanco and the FLSA Overtime Collective members all other interest allowed by law;

g.   Declaring that Defendants have willfully violated the FLSA; and

h.   Awarding such other and further relief as the Court deems just and proper.

21

## COUNT V – VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
### (Plaintiff Blanco Class Action Against All Defendants)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and re-alleges paragraphs 3 through 5, and 8 through 15 as though set forth fully herein, and further alleges as follows:

### *Satisfaction of Conditions Precedent*

94.     While Plaintiff Blanco does not believe that the pre-suit notice requirements of Florida Statute § 448.110(6) are constitutional, he nevertheless complied with these requirements by serving Defendants with the notice required by the FMWA on December 4, 2025.

95.     Defendants failed to cure or otherwise resolve the violations or satisfy Plaintiff Blanco's demand(s) within the time permitted by law.

### *Class Action Allegations*

96.     Plaintiff Blanco brings this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for himself and the "FMWA Class," comprised of others similarly situated who were employed by JCRB as servers at Bistro Café within the past five years and who were paid a tipped wage below the Florida minimum wage while being required to remit a portion of their tips to traditionally non-tipped employees.

97.     Plaintiff Blanco and the FMWA Class members were all subjected to Defendants' uniform policy and practice of taking a tip credit while requiring servers to pay a portion of the tips they received to kitchen staff, back-of-house employees, and/or other employees who did not customarily and regularly receive tips.

98.     **Typicality**. Plaintiff Blanco is a member of the FMWA Class he seeks to represent, and his claims are typical of the claims of the FMWA Class. The relief Plaintiff Blanco seeks for the unlawful pay practices complained of herein is also typical of the relief sought on behalf of the FMWA Class.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

99.     Plaintiff Blanco's claims are typical of those of the FMWA Class members, each of whom worked as a server for JCRB, was paid a direct hourly wage below the full Florida minimum wage while Defendants claimed a tip credit, and was required to pay a portion of the tips received to employees who did not customarily and regularly receive tips. As a result of this uniform policy, Plaintiff Blanco and the FMWA Class members were not paid the full Florida minimum wage for all hours worked.

100.     **Adequacy**. Plaintiff Blanco will fairly and adequately represent and protect the interests of the FMWA Class and has retained counsel competent and experienced in class actions and multi-party wage and hour litigation. The combined interests, experience, and resources of Plaintiff Blanco and his counsel to litigate the individual and FMWA Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

101.     Common questions of law and fact exist as to Plaintiff Blanco and the FMWA Class members, and predominate over any questions affecting only individual members of the FMWA Class. Those common questions include, but are not limited to, the following:

a.  Whether Defendants paid a direct hourly wage below the full Florida minimum wage while claiming a tip credit;

b.  Whether Defendants required servers to remit a portion of their tips to kitchen staff, back-of-house employees, and/or other traditionally non-tipped employees;

c.  Whether the employees to whom servers were required to remit tips customarily and regularly received tips within the meaning of 29 U.S.C. § 203(m);

d.  Whether Defendants' policy rendered them ineligible to take a tip credit under the FMWA;

e.  Whether Defendants were therefore required to pay the full Florida minimum wage in cash for all hours worked;

f.  Whether Defendants failed to pay Plaintiff Blanco and the FMWA Class the full Florida minimum wage;

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

g.   Whether Defendants' violations of the FMWA were willful; and

h.   The proper measure of damages owed to Plaintiff Blanco and the FMWA Class.

102.   These common questions of law and fact arise from the same course of events, and each FMWA Class member will make similar legal and factual arguments to prove Defendants' liability.

103.   Plaintiff Blanco's interests are coextensive with those of the FMWA Class that he seeks to represent in this case.

104.   Plaintiff Blanco is willing and able to represent the FMWA Class fairly and vigorously.

105.   Defendants acted or refused to act on grounds generally applicable to the FMWA Class, making declaratory and injunctive relief under Fed. R. Civ. P. 23(b)(2) appropriate with respect to the FMWA Class as a whole.

106.   A class action is superior to other available means for the fair and efficient adjudication of Plaintiff Blanco's claims and the claims of the FMWA Class members in this Count V.

107.   The clarity of the common issues and class size both indicate that manageability should not be an issue negating class certification.

108.   The cost of proving Defendants' violations of the Florida Minimum Wage Act, and the relatively modest individual claims, make it impracticable for FMWA Class members to pursue their claims individually.

109.   Maintaining a class action under these facts promotes judicial economy by consolidating a large group of potential plaintiffs with identical claims. The claims of the FMWA

24

Class members interrelate such that the interests of the members will be fairly and adequately protected by the named Plaintiff.

110. **Numerosity**. The FMWA Class is so numerous that joinder of all members is impracticable. While the exact number of FMWA Class members is unknown at this time, upon information and belief, there are at least approximately fifty (50) similarly situated servers employed by JCRB during the last five years who were subjected to the same unlawful pay practices.

111. Plaintiff Blanco is currently unaware of the names, addresses, and email addresses of all members of the FMWA Class. Accordingly, Defendants should be required to provide Plaintiff Blanco with a list of all servers employed during the last five years who were paid a tipped wage and required to remit tips, along with their last known contact information, so that notice may be provided.

112. **Predominance**. The common issues of law and fact predominate over any individual issues. Each FMWA Class member's claim is controlled by the same policy and pay practices regarding Defendants' use of the tip credit and mandatory tip remittance.

113. This action is maintainable as a class action because the prosecution of separate actions by individual members of the FMWA Class would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for Defendants.

114. Accordingly, the Court should certify the proposed FMWA Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

### *The Law*

115. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force

25

them to rely on taxpayer-funded public services to avoid economic hardship." Fla. Const., Art. X, § 24(a).

116. Plaintiff and those similarly situated are/were entitled to be paid at least the minimum wage established by the Florida Minimum Wage Act. Fla. Stat. § 448.110; and Art. X, § 24, Fla. Const.

117. Article X, Section 24(c) of the Florida Constitution provides that "the terms 'Employer,' 'Employee,' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act ("FLSA") and its implementing regulations."

118. Under the FLSA, an employer may satisfy a portion of its minimum wage obligation to a tipped employee by taking a "tip credit," but only if the employer complies with the requirements set forth in 29 U.S.C. § 203(m).

119. Pursuant to 29 U.S.C. § 203(m)(2)(A), an employer may not take a tip credit unless the tipped employee retains all tips received, except in the case of a valid tip pool limited to employees who customarily and regularly receive tips.

120. Employees who do not customarily and regularly receive tips—such as back-of-house kitchen staff and other traditionally non-tipped employees—may not receive tips where the employer is taking a tip credit.

121. Where an employer takes a tip credit but requires tipped employees to share tips with employees who do not customarily and regularly receive tips, the employer is ineligible to claim the tip credit and must pay the tipped employees the full Florida minimum wage in cash for all hours worked.

122. The FMWA incorporates these FLSA tip-credit requirements and limitations. Accordingly, an employer who fails to comply with the requirements of 29 U.S.C. § 203(m) violates

the FMWA.

## COUNT V~A~

### VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
### (JCRB INC. D/B/A BISTRO CAFÉ)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and re-alleges paragraphs 3 through 5, 8 through 15, and 85 through 113 as though set forth fully herein, and further alleges as follows:

### *Liability*

123.    Defendant, JCRB Inc. d/b/a Bistro Café, paid Plaintiff Blanco and the other similarly situated servers a direct hourly wage below the full Florida minimum wage and purported to take a tip credit toward its minimum wage obligations.

124.    As a condition of employment, JCRB required Plaintiff Blanco and the other members of the FMWA Class to pay a portion of the tips they received directly to back-of-house kitchen employees and baristas who did not customarily and regularly receive tips from patrons.

125.    By requiring servers to remit a portion of their tips to traditionally non-tipped employees while taking a tip credit, JCRB failed to comply with the requirements of 29 U.S.C. § 203(m), as incorporated into Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110.

126.    As a result of this noncompliance, JCRB was ineligible to take a tip credit and was required to pay Plaintiff Blanco and the FMWA Class the full Florida minimum wage in cash for all hours worked.

127.    JCRB failed to pay Plaintiff and the FMWA Class the full Florida minimum wage for all hours worked during the relevant time period.

128.    As a direct and proximate result of JCRB's unlawful pay practices, Plaintiff and the

FMWA Class were damaged in an amount equal to the difference between the tipped wage paid and the full Florida minimum wage required for all hours worked, plus liquidated damages as provided by law.

129.   JCRB's violations of the FMWA were willful and knowing, or were committed with reckless disregard for whether its mandatory tip-remittance policy complied with the requirements of Florida law.

### COUNT V$_B$

### VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
### (JAN KARLO RUIZ ORTIZ)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and re-alleges paragraphs 3 through 5, 8 through 15, and 85 through 113 as though set forth fully herein, and further alleges as follows:

130.   Defendant, Jan Karlo Ruiz Ortiz, was an officer, owner, director, and/or managing member of Defendant, JCRB Inc. d/b/a Bistro Café during the relevant time period.

131.   Defendant, Jan Karlo Ruiz Ortiz, exercised operational control over JCRB Inc. d/b/a Bistro Café, including control over its compensation policies and pay practices, and is jointly and severally liable for the damages sustained by Plaintiff Blanco and the other similarly situated servers.

132.   Defendant, Jan Karlo Ruiz Ortiz, had the authority to hire and fire employees, determine rates and methods of pay, establish compensation policies, and direct the terms and conditions of employment of Plaintiff and the other similarly situated servers.

### *Liability*

133.   During the relevant time period, Defendants paid Plaintiff and the other similarly situated servers a direct hourly wage below the full Florida minimum wage and purported to take

28

a tip credit toward their minimum wage obligations.

134. As a condition of employment, Defendants required Plaintiff and the other similarly situated servers to pay a portion of the tips they received directly to back-of-house kitchen employees and baristas who did not customarily and regularly receive tips.

135. By requiring servers to remit a portion of their tips to traditionally non-tipped employees while taking a tip credit, Defendant, Jan Karlo Ruiz Ortiz, acting individually and on behalf of JCRB Inc., failed to comply with 29 U.S.C. § 203(m), as incorporated into Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110.

136. As a result of this noncompliance, Defendants were ineligible to claim the tip credit and were required to pay Plaintiff Blanco and the FMWA Class the full Florida minimum wage in cash for all hours worked

137. Defendants failed to pay Plaintiff Blanco and the FMWA Class the full Florida minimum wage for all hours worked during the relevant time period.

138. As a direct and proximate result of these unlawful pay practices, Plaintiff Blanco and the FMWA Class suffered damages equal to the difference between the tipped wage paid and the full Florida minimum wage required, plus liquidated damages as provided by law.

139. Defendant, Jan Karlo Ruiz Ortiz, knew or showed reckless disregard for whether the mandatory tip-remittance policy complied with the FMWA and is therefore liable for willful violations of Florida law.

## COUNT V$_G$

### VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
### (TAMARA PEREZ FELICIANO)

Plaintiff, Cristian Camilo Blanco Acosta, reincorporates and re-alleges paragraphs 3 through 5, 8 through 15, and 85 through 113 as though set forth fully herein, and further alleges

29

as follows:

140.    Defendant, Tamara Perez Feliciano, was an owner, officer, director, and/or managing member of Defendant, JCRB Inc. d/b/a Bistro Café during the relevant time period.

141.    Defendant, Tamara Perez Feliciano, exercised operational control over JCRB Inc. d/b/a Bistro Café, including control over its compensation policies and pay practices, and is jointly and severally liable for the damages sustained by Plaintiff Blanco and the other similarly situated servers.

142.    Defendant, Tamara Perez Feliciano, had the authority to hire and fire employees, determine rates and methods of pay, establish compensation policies, and direct the terms and conditions of employment of Plaintiff Blanco and the other similarly situated servers.

### *Liability*

143.    During the relevant time period, Defendants paid Plaintiff and the other similarly situated servers a direct hourly wage below the full Florida minimum wage and purported to take a tip credit toward their minimum wage obligations.

144.    As a condition of employment, Defendants required Plaintiff and the other similarly situated servers to pay a portion of the tips they received directly to back-of-house kitchen employees and baristas who did not customarily and regularly receive tips.

145.    By requiring servers to remit a portion of their tips to traditionally non-tipped employees while taking a tip credit, Defendant, Tamara Perez Feliciano, acting individually and on behalf of JCRB Inc., failed to comply with 29 U.S.C. § 203(m), as incorporated into Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.110.

146.    As a result of this noncompliance, Defendants were ineligible to claim the tip credit and were required to pay Plaintiff and the FMWA Class the full Florida minimum wage in cash

Coral Gables, Florida | Detroit, Michigan

FairLaw Firm

for all hours worked.

147.   Defendants failed to pay Plaintiff and the FMWA Class the full Florida minimum wage for all hours worked during the relevant time period.

148.   As a direct and proximate result of these unlawful pay practices, Plaintiff and the FMWA Class suffered damages equal to the difference between the tipped wage paid and the full Florida minimum wage required, plus liquidated damages as provided by law.

149.   Defendant, Tamara Perez Feliciano, knew or showed reckless disregard for whether the mandatory tip-remittance policy complied with the FMWA and is therefore liable for willful violations of Florida law.

**COUNT V**

**PRAYER FOR RELIEF**

150.   As a direct and proximate result of Defendants' violations of the Florida Minimum Wage Act, Plaintiff Blanco and the FMWA Class are entitled to the certification of this Count V to proceed as a Class Action to recover unpaid minimum wages equal to the difference between the tipped wage paid and the full Florida minimum wage required for all hours worked during the relevant five-year period, plus an additional equal amount as liquidated damages, together with reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.110.

WHEREFORE Plaintiff, Cristian Camilo Blanco Acosta, on behalf of himself and the FMWA Class, demands the entry of judgment in his favor and against Defendants, JCRB Inc. d/b/a Bistro Café, Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano, jointly and severally, after trial by jury, and requests that this Court:

    a.   Certify Count V as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

    b.   Appoint Plaintiff as Class Representative of the FMWA Class;

c. Appoint undersigned counsel as Class Counsel for the FMWA Class;

d. Award Plaintiff Blanco and the FMWA Class unpaid minimum wages in an amount equal to the difference between the tipped wage paid and the full Florida minimum wage required for all hours worked during the relevant period;

e. Award Plaintiff Blanco and the FMWA Class an additional equal amount as liquidated damages pursuant to Fla. Stat. § 448.110

f. Issue a declaratory judgment that the practices complained of herein are unlawful under the FMWA;

g. Issue an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

h. Award Plaintiff Blanco and the FMWA Class pre-judgment and post-judgment interest as provided by law;

i. Award Plaintiff Blanco and the FMWA Class reasonable attorneys' fees and costs;

j. Declare Defendants to be in willful violation of the minimum wage provisions of the FMWA;

k. Declare that the statute of limitations should be five (5) or more years and/or that the limitations should be tolled, as appropriate; and

l. Award such other and further relief that this Court deems appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz, demand a trial by jury of all issues so triable.

Respectfully submitted this 29th day of June 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
