UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

      Plaintiffs,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

      Defendants.

_____/

## DECLARATION OF SERGIO ARDILA ORTIZ

I, Sergio Ardila Ortiz, make the following sworn declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury, as follows:

1.      My name is Sergio Ardila Ortiz. I am over eighteen years old and have personal knowledge of the facts stated in this declaration.

2.      I worked for JCRB Inc. d/b/a Bistro Café as a busser and food runner from approximately March 2024 through November 2024.

3.      As a busser and food runner, my job duties included assisting servers, clearing tables, running food to customers, and performing related restaurant duties.

4.      During my employment, Bistro Café required servers to pay a portion of their tips to other employees, including bussers, food runners, bartenders, baristas, and kitchen employees.

1

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

5.   I received tip-out payments from servers as part of Bistro Café's regular tip-distribution system.

6.   The tip-out payments were not isolated or occasional. They were part of Bistro Café's regular practice for distributing tips among restaurant employees.

7.   Based on my personal experience and observations, other bussers and food runners also received tip-outs from servers under the same system.

8.   During my employment as a busser and food runner, I personally received tip-out payments from approximately ten to twelve servers on a typical shift. Based on my observations, the weekly server roster at Bistro Café consisted of numerous servers, all of whom were subject to the same tip-out obligations to runners and bussers such as myself.

9.   The tip-out practice was directed or required by Bistro Café management. It was not simply a private arrangement between individual servers and other employees.

10.   Throughout my employment at Bistro Café, the mandatory tip-out policy remained substantially the same. Management consistently required servers to pay portions of their tips to the same categories of employees.

11.   The tip-outs were generally paid on a daily or weekly basis, and the amount was based on a percentage of the tips that customers left for servers.

12.   During my employment as a busser and food runner, I received tip-out payments from servers by Zelle and in cash. JCRB did not issue me a W-2, 1099, or any other wage or tax form that included those tip-out payments as income. The tip-out income I received from servers during my employment was not reflected on any JCRB-issued wage or tax document.

2

13.     I understand that I am one of the named Plaintiffs in this lawsuit and that I am seeking to represent non-server employees who received tip-outs from servers and whose income was not accurately reported.

14.     I am willing to serve as a class representative. I understand that this means I must act in the best interests of the class, communicate with my attorneys, provide information, participate in discovery, and, if necessary, attend hearings, depositions, or trial.

15.     I do not have any interests that conflict with the interests of the other non-server employees I seek to represent.

16.     I declare under penalty of perjury that the foregoing is true and correct.

## DECLARATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By: _S-AO_____
Sergio Ardila (Jun 29, 2026 17:55:41 EDT)
SERGIO ARDILA ORTIZ

Jun 29, 2026
_____
DATE

3