UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

     Plaintiffs,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

     Defendants.

_____/

## DECLARATION OF ANDRES VARGAS HERNANDEZ

I, Andres Vargas Hernandez, make the following sworn declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury, as follows:

1. My name is Andres Vargas Hernandez. I am over eighteen years old and have personal knowledge of the facts stated in this declaration.

2. I worked for JCRB Inc. d/b/a Bistro Café as a bartender from approximately November 2021 through November 2022.

3. As a bartender, my job duties included preparing drinks, assisting customers at the bar, and performing related restaurant duties.

4. During my employment, Bistro Café had a regular practice requiring servers to pay a portion of their tips to other employees, including bartenders, bussers, food runners, baristas, and kitchen employees.

1

5. Throughout my employment with Bistro Café, I received tip-out payments from servers while working as a bartender.

6. The tip-out payments were part of Bistro Café's regular tip-distribution system. They were not isolated or occasional payments.

7. Based on my personal experience and observations, other bartenders also received tip-outs from servers under the same system.

8. Throughout my employment at Bistro Café, the mandatory tip-out policy remained substantially the same. Management consistently required servers to pay portions of their tips to the same categories of employees.

9. During my employment as a bartender at Bistro Café, I regularly received tip-out payments from multiple servers each shift. I personally observed numerous servers working on the floor at any given time, all of whom were required to contribute to the tip-out pool for bartenders such as myself. Based on my observations, this obligation applied consistently to all servers working during my employment.

10. Bistro Café management directed and required the tip-out practice. It was not simply a private agreement between individual servers and bartenders.

11. The tip-outs were generally required to be paid by servers through Zelle or in cash, and the amount was based on a percentage of the tips that servers received from customers.

12. I understood that the tip-out payments I received from Bistro Café's servers came from tips that customers had left for servers.

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

13.     I also observed that servers were required to pay tip-outs to employees other than bartenders, including bussers, and food runners, as well as baristas and kitchen employees who did not interact with guests while performing those duties.

14.     Based on my personal experience and observations, Bistro Café's tip-out system existed throughout my employment and was applied consistently.

15.     To my knowledge, Bistro Café's wage and tax reporting did not accurately account for all tip-out payments made by servers to me.

16.     I understand that this declaration may be used in support of Plaintiffs' Motion for Class Certification in the above-styled action.

17.     I declare under penalty of perjury that the foregoing is true and correct.

## DECLARATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By: _Andres Vargas (Jun 29, 2026 18:04:29 EDT)_____
ANDRES VARGAS HERNANDEZ

Jun 29, 2026
_____
DATE

3

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm