UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

      Plaintiffs,

v.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

THIS MATTER came before the Court upon Plaintiffs Cristian Camilo Blanco Acosta and Sergio Ardila Ortiz's Motion for Class Certification and Incorporated Memorandum of Law [ECF No. 30]. The Court has considered the Motion, the supporting declarations and exhibits filed therewith, Defendants' response in opposition, Plaintiffs' reply, and the record in this case, and is otherwise fully advised in the premises. For the reasons stated in open court / set forth in a separate order, the Motion is **GRANTED**. It is hereby **ORDERED AND ADJUDGED** as follows:

**1. Class Certification.** Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(c)(1)(B), the Court **CERTIFIES** the following three classes:

      **a. IRC Server Subclass** (26 U.S.C. § 7434): All persons employed by JCRB Inc. d/b/a Bistro Café as servers during the five years immediately preceding the filing of this action through the date of class notice, who received customer tips through payroll and for whom JCRB Inc. filed one or more Forms W-2 or other qualifying information returns that reported as that employee's income tip amounts the employee was required to remit to other workers.

1

**b. IRC Tip-Recipient Subclass** (26 U.S.C. § 7434): All persons employed by JCRB Inc. d/b/a Bistro Café in positions other than server during the five years immediately preceding the filing of this action through the date of class notice, who received mandatory tip-out payments from servers and for whom JCRB Inc. filed one or more Forms W-2 or other qualifying information returns that did not report those tip-out amounts as that employee's income.

**c. FMWA Class** (Fla. Stat. § 448.110; Fla. Const. art. X, § 24): All persons employed by JCRB Inc. d/b/a Bistro Café as servers during the five years immediately preceding the filing of this action through the date of class notice, who were paid a tipped cash wage below the full Florida minimum wage while Defendants claimed a tip credit and required them to remit tips to kitchen employees, baristas, or other employees whom the evidence shows did not customarily and regularly receive tips.

**2. Exclusions.** The following persons are excluded from all three classes: Defendants JCRB Inc., Jan Karlo Ruiz Ortiz, and Tamara Perez Feliciano; any officer, director, or managing agent of any Defendant; the presiding Judge and judicial staff; and any person who timely submits a valid request for exclusion in accordance with this Order and the approved Class Notice.

**3. Class Issues Certified.** Pursuant to Rule 23(c)(1)(B), the following issues are certified for classwide adjudication:

a. *IRC classes:* Whether Defendants maintained a uniform mandatory tip-remittance policy requiring servers to pay portions of their credit-card tips to other employees; whether Defendants' information returns over-reported the income of servers by including those remitted amounts; whether Defendants' information returns under-reported the income of non-server employees by omitting those same amounts; whether Defendants' reporting methodology was willful and fraudulent within the meaning of 26 U.S.C. § 7434; and whether that methodology was applied consistently throughout the class period.

b. *FMWA class:* Whether Defendants claimed a tip credit while requiring servers to remit tips to employees who did not customarily and regularly receive tips from

2

customers; whether that practice rendered Defendants ineligible to claim the tip credit; and whether Defendants consequently failed to pay servers the full Florida minimum wage for all hours worked.

**4. Appointment of Class Representatives.** Pursuant to Rules 23(a)(4) and 23(c)(1)(B):

a. Plaintiff **Cristian Camilo Blanco Acosta** is appointed as Class Representative for the IRC Server Subclass and the FMWA Class.

b. Plaintiff **Sergio Ardila Ortiz** is appointed as Class Representative for the IRC Tip-Recipient Subclass.

**5. Appointment of Class Counsel.** Pursuant to Rule 23(g), the Court appoints the following as Class Counsel for all three classes:

> **Brian H. Pollock, Esq. (Fla. Bar No. 174742)**
> **Patrick Brooks LaRou, Esq. (Fla. Bar No. 1039018)**
> FairLaw Firm
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, Florida 33146
> Telephone: (305) 230-4884
> brian@fairlawattorney.com / brooks@fairlawattorney.com

**6. Class Notice.** Pursuant to Rule 23(c)(2)(B), the Court **APPROVES** the Class Notice and Notice Plan attached as Exhibit "A" to Plaintiffs' Motion. The Court finds that the proposed notice program — comprising individual notice by first-class mail, electronic mail, and SMS message, supplemented by a case website, toll-free telephone line, and reminder notice — constitutes the best notice practicable under the circumstances and satisfies the requirements of Rule 23(c)(2)(B) and the Due Process Clause of the United States Constitution.

**7. Production of Class Member Data.** Within **fourteen (14) days** of the date of this Order, Defendants shall produce to Class Counsel an electronic spreadsheet (in .xlsx or .csv format) containing the following information for each person who falls within any of the three certified

3

classes:

> a. Full legal name;
> b. Last known mailing address;
> c. Last known personal email address;
> d. Last known telephone number;
> e. Dates of employment at Bistro Café;
> f. Job position(s) held;
> g. Employee identification number, if maintained;
> h. Date of birth, if maintained;
> i. Payroll identification number, if maintained; and
> j. Social Security Number in encrypted format or last four digits only, sufficient to permit skip tracing for any notice returned as undeliverable.

Class Counsel shall use this information exclusively for purposes of administering notice and this litigation and shall maintain the confidentiality of all personal identifying information in accordance with applicable law and any protective order entered in this case.

**8. Dissemination of Notice.** Within **twenty-one (21) days** after receipt of the class member data from Defendants, Class Counsel or the designated Notice Administrator shall cause the approved Class Notice to be sent to each identified class member by first-class United States mail, electronic mail, and SMS message where a cellular telephone number is available. Class Counsel shall cause a reminder notice to be sent thirty (30) days after the initial mailing to all class members who have not returned a timely opt-out request.

**9. Opt-Out Deadline.** Any class member who wishes to be excluded from one or more of the certified classes must submit a signed, written opt-out request — by mail, email, or online submission through the case website — that is **received** by the Notice Administrator no later than **sixty (60) days** after the date of the initial mailing (the "Opt-Out Deadline"). Opt-out requests submitted after the Opt-Out Deadline will not be honored absent a showing of good cause. Within **seven (7) days** after the Opt-Out Deadline, Class Counsel shall file with the Court a declaration from the Notice Administrator confirming the date of the initial mailing, the total number of

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

notices sent, the number returned as undeliverable and the results of any skip-trace efforts, and the number of timely and untimely opt-out requests received.

**10. Relationship to FLSA Collective Action.** This Order and the approved Class Notice concern only the Rule 23 class claims under 26 U.S.C. § 7434 and the FMWA. This Order does not constitute notice of, or authorization for consent to join, any FLSA collective action. Separate notice of any FLSA collective action will be addressed by further order of the Court.

**11. Reservation of Authority.** The Court retains authority to alter or amend this Order, including the certified class definitions, at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C).

DONE AND ORDERED in Chambers on this _____ day of July 2026.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

Copies to:
*Designated U.S. Magistrate Judge*
*Counsel of record by CM/ECF*