UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25762-BECERRA/TORRES

CRISTIAN CAMILO BLANCO ACOSTA
and SERGIO ARDILA ORTIZ,

      Plaintiffs,

vs.

JCRB INC. D/B/A BISTRO CAFÉ,
JAN KARLO RUIZ ORTIZ, and
TAMARA PEREZ FELICIANO,

      Defendants.

_____/

<u>DECLARATION OF ENDER MALDONADO PEREZ</u>

I, Ender Maldonado Perez, make the following sworn declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury, as follows:

1. My name is Ender Maldonado Perez. I am over eighteen years old and have personal knowledge of the facts contained in this declaration.

2. I began working for Bistro Café around November 2023 as a food runner. Around February or March 2024, I became a server and continued working until approximately February 2025.

3. Because I worked first as a food runner and later as a server, I personally observed the same tip-out system from both perspectives. As a runner, I received mandatory tip-out payments from servers. After becoming a server, I was required to make those same payments to runners and other employees.

1

4. While I worked as a food runner, I regularly received mandatory tip payments from servers pursuant to Bistro Café's established tip-out policy.

5. After I became a server, I was required to make those same mandatory tip payments to runners, bartenders, baristas, and kitchen staff.

6. The required payments were not voluntary. Management instructed servers regarding the required amounts and expected every server to comply.

7. I personally observed that this same tip-out policy applied to all servers working during my employment.

8. When I worked as a runner, I regularly received tip-out payments from approximately ten to twelve servers per shift. After I transitioned to a server role, the weekly schedules distributed through the group WhatsApp chat listed approximately seventeen to eighteen servers on the roster at any given time. I personally observed that the same mandatory tip-out policy applied to all of these servers throughout my employment.

9. Management also required servers to continue working after clocking into unpaid breaks or after their scheduled shifts while waiting for customers to finish dining or while completing closing duties.

10. Throughout my employment, I observed that the same overtime practices remained in place. Although employees came and went, management continued requiring hourly employees to work under the same overtime practices.

11. I regularly worked more than forty hours during certain workweeks while employed by Bistro Café.

2

12.     During those weeks, I was not paid all overtime compensation required by federal law.

13.     I personally discussed these pay practices with numerous other Bistro Café employees, including Cristian Blanco, Sergio Ardila Ortiz, Luis Rivero, and other servers.

14.     Based upon my personal observations and conversations with other employees, I observed that the same pay practices were applied to numerous servers.

15.     Based upon my conversations with these employees, I believe many of them would join this lawsuit if they received notice of it.

DECLARATION

By my signature below, I execute this declaration in Miami-Dade County, Florida, and declare under penalty of perjury that the foregoing is true and correct.

By: *Ender Maldonado*
Ender Maldonado (Jun 29, 2026 18:28:06 EDT)
_____
ENDER MALDONADO PEREZ

Jun 29, 2026
_____
DATE

3

# EXHIBIT

# "1"

# EXHIBIT "1"